**People of the State of Illinois, Plaintiff-Appellee, v. Theodore R. Mowen, Defendant-Appellant.**

**Gen. No. 52,811.**

First District, Third Division.

April 3, 1969.

Rehearing denied May 9, 1969.

Schippers, Betar & Lamendella, of Chicago (David P. Schippers, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael Stevenson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was indicted on eight counts as follows: (1) involuntary manslaughter, (2) driving under the influence of intoxicating liquor, (3) failure to exercise due care for a pedestrian, (4) negligent driving, (5) driving too fast for conditions, (6) driving without a license, (7) unlawful use of a license, and (8) leaving the scene of an accident. The charge of driving too fast for condi-

tions was nolle prossed by the State. In a jury trial the defendant was found not guilty of driving under the influence of intoxicating liquor and was found guilty of the lesser included offense of reckless homicide on the involuntary manslaughter charge. He was found guilty as charged on all the remaining counts. He was sentenced to serve one to four years in the penitentiary for reckless homicide, fined $100 for negligent driving and $100 for failure to exercise due care for a pedestrian, and sentenced to serve one year in the House of Correction for each of the following offenses: leaving the scene of an accident, unlawful use of a license and driving without a license. All the prison terms are to run concurrently. Defendant contends on appeal that he was not proven guilty of reckless homicide beyond a reasonable doubt; that the indictments for involuntary manslaughter, negligent driving and failure to exercise due care for a pedestrian were fatally defective; that the counts of the indictment were misjoined and that because of the before-mentioned errors, the entire conviction should be reversed. The facts follow.

At about 6:30 p. m. on October 15, 1965, Lynn Stodella and Martha Porter alighted from a bus at the southeast corner of Clark and Webster Streets in Chicago. They started to walk east on Webster Avenue but discovering they were going in the wrong direction, they turned and walked west. As they crossed Clark Street, they were both struck by the defendant's car and carried approximately fifty feet on its hood. Lynn Stodella was knocked unconscious and Martha Porter was killed.

Susan Steuer, a witness for the State, testified that she was sitting at the window facing east in a restaurant on the northwest corner of Clark and Webster and saw the accident. She testified that defendant was driving north on Clark Street, that the light for Clark Street was red and that cars going south had come to a stop. De-

fendant drove through the light without stopping, struck the two girls crossing the street and carried them on the hood of his car across the intersection. The car swerved to the right, the girls fell off the hood on the northeast corner of the intersection, the car then swerved back to the left and continued north on Clark Street at a high rate of speed.

Thomas Hemminger testified that he heard the impact and looked up to see a car driving across Webster Avenue with the bodies of two girls on the hood. He testified that the girls fell off the hood on the north side of Webster and that the car accelerated from 15 to 30 miles an hour after striking them.

Two automobile drivers testified they observed the accident and chased defendant several blocks until a police officer stopped him and one of the drivers yelled to the policeman that defendant was a hit-and-run driver. The policeman testified that he chased defendant two blocks after he observed him leaving the intersection of Clark and Webster in a "cloud of dust"; that while pursuing defendant, the blue light on the roof of the police car was flashing and that defendant ran through a stop sign in the process of the chase. When the policeman finally stopped him, defendant produced a driver's license which bore the name, "Richard Martin."

Defendant testified that he had dinner with a friend in the Loop (the central business district of Chicago) and drank two beers with his meal. He then drove his friend to Clark and Division Streets and after his friend got out, he continued north on Clark Street at about 10 or 15 miles an hour. He testified that when he got to Webster Avenue the light was green and he proceeded through the intersection. He further testified that as he was going through the intersection he heard a noise and thought he had hit a car and "because of the uncertainty of my license, I did panic and started to run." Defendant's driver's license had been revoked and he was using a license

given to him by a friend "for an emergency." He denied having seen anyone in the intersection.

Defendant's first contention is that he was not proven guilty of reckless homicide beyond a reasonable doubt. He argues that to establish reckless homicide the State must prove that the defendant's actions were reckless and wanton and of such a character as to have shown utter disregard for the safety of others. People v. Sikes, 328 Ill 64, 159 NE 293; People v. Herkless, 361 Ill 32, 196 NE 829. He contends that at worst he was proven guilty of passive negligence.

■■■■ A person commits the crime of reckless homicide if he kills a person while driving a motor vehicle and the acts which cause death "are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." Ill Rev Stats, c 38, § 9–3 (1967). In the instant case the State adduced evidence from which the jury could have found that the defendant struck two women while running through a red light and then increased his speed in an attempt to escape while the bodies of the women were still on the hood of his car. The credibility of witnesses is a matter for the jury to determine and here the jury obviously did not believe defendant's testimony that he was unaware that he struck the women and carried their bodies fifty feet on the hood of his car. The fact that defendant ran a red light does not of itself establish that he was acting recklessly, but when considered together with his conduct after he struck the women, it demonstrated recklessness and an utter disregard for their safety. Defendant was proven guilty of reckless homicide beyond a reasonable doubt.

Defendant's second contention is that Counts I, III and IV are so vague and uncertain as to violate the Sixth Amendment of the Federal Constitution and Article II, Section 9, of the Illinois Constitution. The counts read as follows:

67

"Count I . . . Theodore Mowen committed the offense of involuntary manslaughter in that he, acting in a reckless manner, killed Martha Porter with an automobile, without lawful justification, in violation of Chapter 38, Section 9–3(b), of the Illinois Revised Statutes, 1963."

"Count III . . . Theodore Mowen committed the offense of failure to exercise due care for pedestrian, in that he, knowingly failed to exercise due care while driving an automobile, to avoid colliding with a pedestrian, to-wit: Martha Porter, who was upon the roadway, and failed to give warning by sounding the horn of his automobile, in violation of Section 27–257, of the Traffic Regulations of the City of Chicago."

"Count IV . . . Theodore Mowen committed the offense of negligent driving, in that he, knowingly operated a vehicle, to-wit: an automobile, upon the public way negligently, heedlessly and without due caution, and in a manner so as to endanger one Martha Porter, in violation of Section 27–257 of the Traffic Regulations of the City of Chicago."

 The constitutional requirements are satisfied if the offense is charged with such particularity and clarity as to enable a defendant to fully prepare for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. People v. Griffin, 36 Ill2d 430, 223 NE2d 158; People v. Peters, 10 Ill2d 577, 141 NE2d 9. In the Griffin case, supra, and in People v. Green, 368 Ill 242, 13 NE2d 278, upon which defendant relies, the court held that indictments for reckless driving which were in the words of the statute and failed to specify any act were not sufficient to protect the defendant against double jeopardy. In Green, the court stated that the indictment "did not allege a single fact

and there was nothing in it from which the defendant could tell definitely, or even guess what acts he my have been charged with." In Griffin the court said (p 433):

"Unless a defendant is advised of the particular acts relied upon to sustain a charge of reckless driving, he is not advised of the 'nature and elements' of the offense, and he is not afforded the full protection against double jeopardy contemplated by the constitution. For example, if a defendant drove at an excessive rate of speed, ran through three successive red lights and also drove on the wrong side of the road, and then pleaded guilty to a complaint phrased like the one now before us, his protection from subsequent prosecution for each specific offense is sufficiently dubious to contravene the purpose of section 9 of article II of the constitution."

�switch ▪ In the instant case Counts I and III are clearly distinguishable from the type of indictment that Green and Griffin proscribed. Both counts state a particular act relied upon to sustain the charge—namely, striking Martha Porter. That is sufficient in itself to eliminate any prospect of double jeopardy. Clearly he could have struck and killed Martha Porter only once.

▪ Count IV however merely states that he operated an automobile "upon the public way negligently, heedlessly and without due caution, and in a manner so as to endanger one Martha Porter." Although it specifies a particular person, it fails to specify any particular act by defendant. The fact that the indictment states that his negligence endangered Martha Porter does not inform him of the particular acts relied upon and the conviction for negligent driving under that count must be reversed.

Defendant's third contention is that the counts of the indictment were improperly joined and the trial together on all the counts resulted in substantial prejudice to his rights. He argues that the counts of driving without a

69

license, unlawful use of a license and leaving the scene of the accident were not related to the other charges and were only joined to inflame the minds of the jury.

 The propriety of the joinder of separate offenses in separate counts of a single indictment is controlled by section 111(4)(a) of the Criminal Code which provides:

> "Two or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or on two or more acts which are part of the same comprehensive transaction." Ill Rev Stats, c 38, § 111(4)(a) (1967).

In the instant case from the moment that the defendant ran through the red traffic light and struck the two women to the time he was stopped in his escape by the police officer and then produced a false driver's license, the defendant was engaged in the same comprehensive transaction. His own testimony is "because of the uncertainty of my license, I did panic and I started to run." The fact that he was driving with a spurious driver's license and did not have one of his own was an integral part of the entire transaction, as was his leaving the scene of the accident. Moreover, it has long been the law that a defendant waives his right to complain that he was prejudiced by a misjoinder of counts if he fails to raise the point in a motion to quash prior to the trial. People v. Stilson, 342 Ill 158, 174 NE 45; People v. Jones, 291 Ill 52, 125 NE 711; People v. Poe, 304 Ill App 601, 26 NE2d 415. Here the defendant made no motion to dismiss or for severance and he cannot raise the point for the first time on appeal.

Defendant's final contention is that because there was a misjoinder of counts in the indictment, the entire

conviction should be reversed. This contention is rendered moot by our finding that there was no error as to the joinder of counts.

Defendant's conviction for negligent driving is reversed and his conviction on all other counts is affirmed.

Judgment reversed in part and affirmed in part.

SULLIVAN, P. J. and DEMPSEY, J., concur.