2 Ill. App.3d 575 (1971)
277 N.E.2d 144
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
DONALD W. JONES, Defendant-Appellant.
No. 71-148.
Illinois Appellate Court  Second District.
December 21, 1971.
*576 Julius Lucius Echeles, and Frederick Cohn, both of Chicago, for appellant.
Albert N. Kennedy, State's Attorney, of Dixon, (Edwin W. Merrick, Assistant State's Attorney, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:
Defendant Donald W. Jones appeals, after a jury trial, from a conviction of reckless homicide for which he was sentenced to a term of two to four years in the State Penitentiary.
The defendant contends that the indictment was void for vagueness in that it failed to specify the acts relied upon by the State for a conviction; that the defendant's motion for change of venue was erroneously denied; that the defendant was not proved guilty beyond a reasonable doubt; and that the rule of Miranda v. Arizona, 384 U.S. 436, was violated. The indictment, which was filed on August 27, 1970, charged that on April 4, 1970, the defendant "committed the offense of Reckless Homicide in violation of Paragraph 9-3, Chapter 38, Illinois Revised Statutes, 1969, in that he killed an individual without lawful justification when he, while operating a motor vehicle on Illinois Route 26, approximately one mile north of Dixon, Illinois, in a reckless manner likely to cause death or great bodily harm, did by such act cause the death of Donald H. Grobe."
 1 The claim that the indictment was void for vagueness is based on the assertion that the indictment contains no facts that would amount to operating a vehicle in "a reckless manner," and that an indictment must set forth sufficient facts to afford the accused a specific designation of the offense charged so that he will be able to adequately prepare a defense and plead any judgment in bar of a subsequent prosecution for the same offense. The defendant cites People v. Griffin, 36 Ill.2d 430, in support of his argument. In the Griffin case, and in People v. Green, 368 Ill.2d 242, 254, 255, the court held that indictments charging "reckless driving" in the language of the statute, but which failed to specify any acts, were not sufficient to protect the defendant against double jeopardy. The State does not dispute the holding in these cases but points out that the gist of the offense herein is not the facts which constitute "reckless driving" but is the facts which constitute the offense of "reckless homicide." The State cites People v. Mowen, 109 Ill. App.2d 62, 69, as illustrating the distinction between a charge of reckless driving and that of reckless homicide. In the Mowen case, the defendant was charged with several offenses. There, Count I, of the indictment, charged the defendant with *577 involuntary manslaughter "in that he, acting in a reckless manner, killed Martha Porter with an automobile, without lawful justification, * * *" The court in that case sustained Count I against the contention that it was vague and uncertain, and also against the contention that the charge was not specific enough to enable the defendant to prepare a defense and to plead the judgment in bar of a subsequent prosecution for the same offense. The court there commented upon the Griffin and Green cases in which the charge was that of reckless driving and not reckless homicide, and in sustaining Count I (involuntary manslaughter) said the particular act relied upon to sustain the charge was the striking of Martha Porter and that he could have struck and killed Martha Porter only once, thus eliminating any prospect of double jeopardy. Likewise, the defendant herein could have caused the death of Donald Grobe only once. For the reasons stated in Mowen, the indictment herein is sufficient. Moreover, the defendant should have filed a motion for a bill of particulars, if he desired more information. Ill. Rev. Stat. 1969, ch. 38, par. 111-6.
In considering the defendant's contention that the court improperly denied his motion for change of venue, we must consider the language of the affidavit in support of defendant's motion for change of venue, filed at 3:45 P.M. on October 14, 1970, one day before the trial took place. The affidavit was signed by the attorney for the defendant, the pertinent provisions of which are as follows:
"6. It is my opinion based upon the happenings of this date in the chambers of the aforesaid named judge wherein were present the said judge, the state's attorney, the said judge's secretary and myself, and wherein a negotiated plea and the state's attorney's proposed recommendation as to disposition was discussed, and the highly prejudicial statements made by the said judge and the bias expressed by him would most certainly prevent the obtaining by the defendant of a fair trial."
The defendant has cited People v. Wallenberg, 24 Ill.2d 355, 356, wherein the court stated, "The right to a change of venue on account of the alleged prejudice of the trial judge is absolute if the requirements of the statute are met."
The statute pertaining to the substitution of judges in a criminal case is contained in section 114-5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 114-5). Section 114-5(a) provides in part that, if a motion is made in writing within ten days after a cause involving only one defendant has been placed on the trial call of a judge for a substitution of a judge on the grounds that the judge is prejudiced against the defendant so that he cannot receive a fair trial, the cause must be transferred to another court, or judge, not claimed to be prejudiced. *578 However, section 144-5(c) provides that in addition to the absolute right for a substitution of judges under section 114-5(a), such a motion may be made at any time for cause, if supported by an affidavit, and upon the filing of such a motion, the court shall conduct a hearing to determine the merits of the motion. A part of the committee comments to section 114-5 states, "Subsection (c) provides for an unlimited number of motions for cause, supported by affidavit, but it should be noted that the change will not be automatic in such cases." Subsection (c) is discussed in People v. Lagardo, 82 Ill. App.2d 119, 127, and it is stated that under sub-section (c) the defendant is entitled to a hearing and it is reversible error for the judge to deny the motion for cause without a hearing.
The motion herein did not qualify as a motion under section 114-5(a) for the reason that it was not made within ten days after the case had been placed on the call of the trial judge, but it does qualify as a motion made for substitution of a judge for cause under section 114-5(c). A hearing was held by the trial judge on the morning of October 15, 1970, before the actual trial began on that day. The motion on its face reveals that a pre-trial conference was held on October 14, 1970, wherein there was an attempt to negotiate a plea.
 2, 3 In People v. Lawrence, 29 Ill.2d 426, 427, it was stated that, although the right of a defendant to a change of venue because the prejudice of the judge is absolute, the petition for such a change must be filed at the earliest practical moment and cannot be delayed until the judge has passed upon substantive issues and expressed himself on the merits of the cause. It was held that, when a petition for change of venue on account of the prejudice of the judge comes only after the conclusion of a conference in which the defendant attempts to obtain an agreed sentence by plea-bargaining, such petition is filed too late. The court stated at page 428, "Were we to hold otherwise, a petition for a change of venue could, in effect, be used as a vehicle to permit a defendant to `shop' among the judges of a court for the one most leniently disposed to a plea of guilty." Although that case was decided on a petition filed in 1958 and, therefore, prior to the adoption of the Code of Criminal Procedure in 1963, the reasoning of the court therein is logical and applies under our present statute. Therefore, the trial judge did not abuse his discretion in denying the motion.
 4 The defendant next contends that the evidence failed to prove beyond a reasonable doubt that he drove his vehicle in a reckless manner and states that at the very best the conflicting evidence demonstrates only that he had consumed one alcoholic beverage and may have crossed the center line of the highway at the point of impact. Thus, it is contended *579 that the evidence merely indicates negligence on his part and that there was no proof beyond a reasonable doubt that he drove his vehicle in a reckless manner or that he was under the influence of intoxicating liquor. He cites The People v. Schneider, 360 Ill. 43, 52, wherein the court stated that the gist of the offense of manslaughter with a motor vehicle is criminal negligence, and that negligence to be criminal must be reckless or wanton and of such a character that it shows an utter disregard for the safety of others under circumstances likely to cause injury. However, in that case, the defendant conceded that if he were drunk at the time of the accident and such drunkenness caused the accident, then he was guilty of manslaughter. There the conviction was reversed, apparently because the evidence disclosed that there was an automobile between the defendant's automobile and an overturned automobile with which he collided and the defendant could not have seen the automobile he struck in time to avoid it. The State submits that the contention of the defendant that his conduct was simple negligence is not supported by the facts, and cites People v. Coolidge, 124 Ill. App.2d 479, 485. In Coolidge, this court affirmed a conviction of reckless homicide, where the evidence was conflicting as to the intoxication of the defendant and as to whether he drove out of his lane of traffic when he struck and killed a person. It was held that, where the evidence is conflicting but legally sufficient if the prosecution witnesses are believed, a reviewing court will not substitute its judgment for that of the trier of the fact. Without going into the testimony in detail and despite the contention of the defendant that he was not under the influence of intoxicating liquor but was ill, a number of witnesses testified that the defendant was under the influence of intoxicating liquor and that he was in the wrong lane of traffic when he struck the automobile in which Grobe, the deceased, was riding. The jury was justified in finding the defendant guilty of reckless homicide as the crime was proved beyond a reasonable doubt.
 5 Another contention of the defendant is that a statement was taken of the defendant, and introduced in evidence against him, without giving him the Miranda warnings, as required, before securing the statement. (Miranda v. Arizona, supra.) A state trooper, Robert Fischer, in testifying on behalf of the State, stated that he received a call to go to the scene of the accident; that he saw the two cars involved in the accident; that he noticed that the debris and marks were in the southbound lane (the proper lane for the Grobe car); and that he checked the license numbers of the Grobe car and also of the Pontiac, which belonged to the defendant. Thereafter, Fischer left the scene and went to the hospital where he saw Grobe and others. He then went to the defendant's home, where he asked the defendant if he was hurt and advised the defendant that he, *580 Fischer, would have to make out an accident report. In doing so, Fischer asked Jones for his full name, date of birth, and what happened. In response to the question of "what happened?" the defendant said, "I guess I was run off the road by some kids." Fischer then asked the defendant in which direction he was going, and the defendant replied, "north." After completing the accident report, Fischer arrested the defendant for "driving under the influence," took him to the county jail, and read the Miranda warnings to him. At the trial, the defendant denied he was under the influence of liquor at the time of the accident although Fischer said he noticed a strong odor of alcohol on the defendant's breath, and concluded that the defendant was under the influence of an intoxicating beverage.
It is clear that the statements taken of the defendant before he was arrested were taken in order that the officer could fill out an accident report. Under Miranda, the prosecution may not use any statement of exculpation or inculpation stemming from custodial interrogation of the defendant unless it is demonstrated that the procedural safeguards were used to effectively preserve the privilege against self-incrimination. At the time the statements herein were taken, the defendant was not in custody or otherwise deprived of his freedom of action in any significant way. The statements, apparently, were given freely and voluntarily, and in order that the required accident report could be filled out. Under these circumstances, we do not perceive any violation of the rules announced in Miranda.
 6, 7 As to his final contention, the defendant did not object to testimony which he now says was impermissible hearsay. An objection based on hearsay must be made, if at all, at the time the testimony is offered, and since no objection was made then, it is considered waived.
We find no reversible error in the record. Therefore, the judgment of the circuit court of Lee County is affirmed.
Judgment affirmed.
SEIDENFELD and GUILD, JJ., concur.