THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY SAVAIANO, Defendant-Appellant.

(No. 56377;

First District (4th Division)—February 21, 1973.

*Rehearing denied March 21, 1973.*

Peter N. Apostal, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Cary Lind, and Robert Samko, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Anthony Savaiano, was charged with theft. (Ill. Rev. Stat. 1969, ch. 38, par. 16—1(a)(1).) After a bench trial, he was found guilty and sentenced to two to six years in the Illinois State Penitentiary. Defendant raises five issues on appeal:

> (1) That the trial court erred in denying his motion for substitution of judges;
>
> (2) That his jury waiver was coerced;
>
> (3) That the trial court erred in refusing to issue compulsory process upon a third party in order to determine the whereabouts of an absent alibi witness;
>
> (4) That an error was committed with respect to Mrs. Groppi's identification of the defendant; and

(5) That he was not proven guilty beyond a reasonable doubt.

On June 24, 1970, Marie Groppi was employed as a maid at the Holiday Inn in Hillside, Illinois. Mrs. Groppi testified that at approximately 1:30 P.M., the defendant entered Room 110 while she was cleaning it. She further stated that the defendant was in the room with her for five to ten minutes and spoke to her for a couple of minutes. She stated that defendant remained in Room 110 after she left to clean other rooms. Later she saw the defendant walking down the hall with a television set. She noticed that the door to Room 110 was open and the television set was gone. Mrs. Groppi testified that she watched the defendant load the television set into a white car and that she wrote down the license plate number of the car, HV2427.

Detective Donovan testified that license plate number HV2427 was issued to the defendant, Anthony Savaiano. Barbara Detlaf, alibi witness for the defendant, testified at the preliminary hearing that she was having lunch with the defendant at the time the theft occurred.

Defendant testified that he did not steal the television set and that he was having lunch with Barbara Detlaf at the time the theft occurred. He also testified that he had removed his license plates from his car and placed them on the car of a friend, James Rini. Defendant stated that Rini had the car with HV2427 license plates on June 24, 1970. At the time of the trial, defendant was unable to locate him and Detlaf. Defendant's first contention on appeal is that the trial court erred in denying his motion for substitution of judges.

On July 15, 1971, defense counsel stated that the defendant did not wish to substitute judges. Prior to this motion, a jury had been waived; the witnesses had been sworn; facts had been stipulated to; and the trial judge had denied defense counsel's motion to have Barbara Detlaf's mother subpoenaed.

■■ It is well settled that a petition for substitution of judges must be filed at the earliest practical moment and that petitions delayed until after the trial judge has by his rulings passed upon substantive issues, and indicated his views on the merits of the cause, come too late. (*People v. Wilfong,* 17 Ill.2d 373, 162 N.E.2d 256; *People v. McDonald,* 26 Ill.2d 325, 186 N.E.2d 303; *People v. Lawrence,* 29 Ill.2d 426, 194 N.E.2d 337; *People v. Jones,* 2 Ill.App.3d 575, 277 N.E.2d 144.) In the case at bar, defendant did not move for a substitution of judges until after the trial had begun and the trial judge had refused to compel Mrs. Detlaf's attendance in court to reveal where her daughter was. The motion was presented too late and therefore, the trial judge correctly denied defendant's motion.

■■ Defendant's second contention on appeal is that his jury waiver

was coerced. This contention was not raised on defendant's written motion for a new trial. "Where the grounds for a new trial are stated in writing, the accused is limited on review to the errors alleged therein and all other errors are deemed to have been waived. * * *." *People v. Hairston*, 46 Ill.2d 348, 366-367, 263 N.E.2d 840.

■■ Defendant's third contention on appeal is that the trial court erred in refusing to issue compulsory process upon a third party in order to determine the whereabouts of an absent alibi witness. Mrs. Detlaf was not a material witness in the instant case. Defendant wanted to bring Mrs. Detlaf into court in order to find out where her daughter was. Mrs. Detlaf's daughter, (not Mrs. Detlaf), was an alibi witness for the defendant. The trial court is not required to issue compulsory process upon a person who is not a material witness in the case. The trial judge soundly exercised his discretion in deciding not to issue compulsory process. Defendant had adequate time to secure Barbara Detlaf's appearance at the trial.

Defendant's fourth contention is that an error was committed with respect to Mrs. Groppi's identification of the defendant. Mrs. Groppi testified that she looked at over 100 pictures and identified one as that of the defendant. The record does not reflect that the police officers in any way directed her attention to the defendant's photograph or in any way suggested that he was the thief.

■■ Officer Donovan was cross-examined extensively at the trial relative to the photographic identification and such examination failed to expose any potential for error in the photographic identification procedures. Defendant was not taken into custody until after Mrs. Groppi made the photographic identification. We find that the procedure used to identify the defendant by photograph was fair and not suggestive. Moreover, even assuming that defendant's picture was identified during an unnecessarily suggestive procedure, a sufficient independent basis of identification exists to sustain the in-court identification of the defendant. Mrs. Groppi was in the same room with the defendant for about ten minutes and talked to him for a couple of minutes. Mrs. Groppi had a sufficient unimpaired view of the defendant in Room 110 upon which to base her in-court identification.

■■ Defendant's fifth contention on appeal is that he was not proven guilty beyond a reasonable doubt. Mrs. Groppi positively identified the defendant as the person she saw take the television set from Room 110. She had ample opportunity to observe defendant under good lighting conditions in Room 110. Defendant's license plates were on the car into which the stolen television set was loaded. Furthermore, the fact that defendant produced an alibi, supported by one witness, does not, in and

670

of itself, constitute reasonable doubt as to his guilt. Conflicts in testimony are for the resolution of the trial judge and he is not obliged to believe the alibi testimony of the defendant and Barbara Detlaf over the positive identification of Mrs. Groppi. *People v. Setzke,* 22 Ill.2d 582, 586, 177 N.E.2d 168.

■■ The trier of fact makes the determination of the witness' credibility and as we find that the evidence is not so unsatisfactory as to create a reasonable doubt of defendant's guilt, that determination will not be disturbed. *People v. Holt,* 124 Ill.App.2d 198, 201, 260 N.E.2d 291.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.