THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT WANKEWYCZ, Defendant-Appellant.
First District (1st Division)   No. 62790

Opinion filed March 28, 1977.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Renee Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BUA delivered the opinion of the court:

Defendant Robert Wankewycz was indicted on two counts of involuntary manslaughter. Following a bench trial in the Circuit Court of Cook County he was found guilty on two counts of reckless homicide and sentenced to five years probation on condition that two years be spent in the work release program. Defendant contends on appeal that he was not proved guilty of reckless homicide beyond a reasonable doubt. The facts follow.

The incident giving rise to the instant appeal occurred at approximately

6:10 p.m. on October 8, 1973, in the 4700 block of Nagle Avenue, a four-lane, north-south street in Harwood Heights. At this point on Nagle, single dwelling homes line the east side of the street, and a golf course is located on the west side. A fence, situated approximately 12 feet from the curb, runs along the golf course. The area between the fence and the roadway contained numerous bushes and trees as well as cleared areas where telephone poles had been erected. While there was a sidewalk on the east side of the street, there was no paved sidewalk on the west side, along the golf course. The speed limit on this part of Nagle is 30 miles per hour. On the day of the accident the weather was clear, the roadway dry, and it was still daylight.

The defendant testified that he fell asleep at the wheel of his car while proceeding southbound on Nagle. He had just stopped for a red light at Gunnison, approximately one-half block north of the accident scene. Though he admitted that he was not watching his speedometer, he estimated his speed at approximately 20 to 25 miles per hour as he pulled away from the light. He stated that he was jarred awake by his car hitting some trees and coming to a stop. After stopping 10 or 15 seconds, he backed out onto Nagle because he felt he was partially blocking the roadway. As he backed up he said he neither looked into his rearview mirror nor did he notice a bump of any kind. He said he heard no one call to him. According to the defendant, after pulling back onto Nagle, he proceeded southbound and turned left into an Arco gas station at 4600 North Nagle. Defendant admitted that as he pulled away from the scene of the accident he could see the body of Debra Dienhart lying in the street 10 or 15 feet behind his car. Defendant claimed he was traveling at a speed of between 30 and 35 miles per hour from the point of the incident to the gas station. He said he wanted to turn around in the gas station in order to return to the scene of the accident.

Lawrence Deck and Gerd Kalis testified for the State. At the time of the incident Deck was driving his car northbound on Nagle. Kalis was Deck's passenger. They had stopped for the red light at Gunnison. Both men testified that the defendant's car was going approximately 40 miles per hour when it left the road and went through the bushes.

Nancy Loftus testified that she, too, had stopped for the red light, while northbound on Nagle. She said she saw somebody hit and glass breaking. She looked around and saw a girl lying in the curb lane of Nagle. She saw defendant's car stopped on the side of the roadway up against a tree. Miss Loftus next observed defendant's car back up over Debra Dienhart who had been lying in the street since being run over. Miss Loftus said that the force of defendant's car backing up pushed Miss Dienhart further backwards. She said that the defendant's car "fishtailed" onto Nagle and

sped south at approximately 50 miles per hour. Thereupon, Miss Loftus got out of her car and directed oncoming traffic around Debra Dienhart. It was at this time that she noticed the body of Cynthia McRae in the brush wrapped around a tree. According to Miss Loftus, Cynthia McRae was still breathing at this time. Miss Loftus yelled for someone to follow the defendant's car.

Larry Fasshauer, a resident of 4719 North Nagle testified he saw the defendant's car leave the roadway and go into the bushes. Running out of his house, Fasshauer noticed the defendant back out onto Nagle. Fasshauer yelled, "Hey you, stop." He said defendant slowed down, looked at him, and then sped off down the street. According to Fasshauer, the defendant's car window was open at this time.

In response to Loftus' and Fasshauer's cries, Deck made a U-turn on Nagle and followed the defendant's car into the gas station, a distance of about 1½ blocks from the scene of the accident. Deck testified that he accelerated to at least 50 miles per hour and still failed to catch up to the defendant. Deck said that during the chase he never observed the defendant's brake lights go on. He said that the defendant drove past some 12 to 14 driveways and made no attempt to turn around. Deck stated that the defendant entered the station at about 20 miles per hour. Kalis also testified that defendant's car was going at least 50 miles per hour during the flight from the scene of the accident.

The gas station the defendant entered was located on the corner of Nagle and Narragansett Avenues. It had three driveways for ingress and egress, two onto Nagle, and one in the rear, onto Narragansett. Danny Athanaciou, the owner of the station, was pumping gas at the time the defendant entered. According to Athanaciou, the defendant came into the station blowing his horn, trying to get through the station to the Narragansett exit. There were several other cars filling up at this time and defendant's path to Narragansett was blocked. Athanaciou approached the defendant's car and asked, "What's the problem?" He said defendant replied, "Leave me alone."

Upon reaching the station Deck and Kalis pulled their car up to block the southern exit on to Nagle. The defendant's car had entered the northern exit on Nagle. Kalis went up to the defendant's car and said, "You hit somebody back there." Defendant replied, "I know, I know." Whereupon the defendant turned his car around and returned to the scene.

At trial it was stipulated that the cause of both girls' deaths was injuries suffered when struck by an automobile and that fiberglass and paint from the defendant's car were removed from both the accident scene and the girls' clothing.

The defendant's sole contention on appeal is that the State failed to prove him guilty of reckless homicide beyond a reasonable doubt. We do not agree.

■■ A person commits the crime of reckless homicide if he kills a person while driving a motor vehicle and the acts which cause death "are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." (Ill. Rev. Stat. 1971, ch. 38, par. 9—3; see also *People v. Mowen* (1969), 109 Ill. App. 2d 62, 248 N.E.2d 685.) In the instant case the State adduced evidence from which the trier of fact could have found that the defendant struck two women while driving his automobile; that he was speeding when he hit the women; that he backed over the body of one of the women while attempting to reenter the thoroughfare; that despite admonitions to stop he sped off at a high rate of speed in an apparent attempt to escape; and that he attempted to transverse a corner gas station to avoid apprehension. This evidence was sufficient to support a conviction for reckless homicide. The credibility of witnesses and the weight to be accorded their testimony is a matter within the province of the trier of fact and his finding of guilt will be disturbed only where the evidence is so unreliable, improbable, and unsatisfactory as to leave a reasonable doubt as to defendant's guilt. (*People v. Catlett* (1971), 48 Ill. 2d 56, 268 N.E.2d 378.) The trial court chose not to believe the defendant's testimony that he was unaware that he hit somebody; or that he backed over someone; or that he drove past 12 to 14 driveways in order to turn around in the gas station and return to the scene. Certainly, the fact that the defendant was speeding at the time of the accident does not of itself establish that he was acting recklessly, but when considered together with his conduct after he struck the women, it demonstrated recklessness and an utter disregard for their safety. The evidence adduced leaves no reasonable doubt as to defendant's guilt.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.