THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH WITHERSPOON, Defendant-Appellant.

Second District   No. 2—86—0640

Opinion filed December 30, 1987.

G. Joseph Weller and Robert C. Cooper, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Keith Witherspoon, appeals from the trial court's order denying an amended post-conviction petition without an evidentiary hearing. Defendant pleaded guilty to a charge of murder in exchange for a 30-year term of imprisonment and dismissal of a theft charge in accordance with a plea agreement. On appeal, defendant contends that the trial court abused its discretion by failing to conduct an evidentiary hearing on his claim that a motion to suppress testimony was improperly granted and his plea of guilty was involuntary where his counsel rendered ineffective assistance. We affirm.

The record reveals that the defendant did not directly appeal his conviction or move to vacate his plea of guilty; instead, he filed a petition for post-conviction relief. Defendant's petition alleged that the trial court's denial of his motion to suppress testimony infringed on his constitutional rights and that due to the ineffective assistance of his counsel, he pleaded guilty involuntarily. Defendant's claims are based in part on the fact that his original counsel, Randolph Cook, discontinued his representation when he became a witness for the prosecution against the defendant. After Thomas Milani's appointment as counsel for the defendant, the defendant moved to suppress Cook's testimony on the basis of an attorney-client privilege which the court deemed waived due to the presence of a third party during the conversations. The transcript of the hearing on the motion to suppress is not contained in the record on appeal.

Immediately after the denial of the motion to suppress, according

to the petition, Cook and Milani met with the defendant at the Winnebago County jail and induced him to plead guilty. Defendant alleged that Cook's presence at the conference was improper since he was a witness for the prosecution. Further, defendant reported that Milani told him that in light of the adverse ruling, he could present no defense and that "[i]f I went in [the courtroom] with it [the case], I couldn't do anything for you—I'd just sit there like a bump on a log." Defendant submitted an affidavit which averred the truth of the petition.

The record reveals that after the conference, on February 21, 1984, defendant pleaded guilty to the charge of murder. The trial court accepted his guilty plea after hearing the State's factual basis. The trial court also fully advised the defendant of the consequences of his guilty plea and determined that his plea was voluntary. Pursuant to the agreement, defendant received a 30-year term of imprisonment.

Defendant filed his amended post-conviction petition on March 15, 1985. The trial court denied the State's motion to dismiss the petition on August 15, 1985. Thereafter, the State filed its answer to the petition, attaching affidavits from Milani and Cook. In substance, Cook's affidavit provided that Milani had contacted him indicating that the defendant desired to meet with him regarding Cook's testimony at the suppression hearing. Cook attended the meeting with defendant and Milani. Cook purportedly advised defendant that he was not acting as his attorney and would not advise defendant regarding the proposed plea agreement. Further, the affidavit denied that Cook or Milani exerted any pressure on defendant to plead guilty.

Milani similarly submitted an affidavit providing that he never refused to defend defendant to the best of his ability. According to Milani, immediately following the suppression hearing on December 16, 1984, defendant indicated that he would accept the plea agreement. Defendant indicated that he wanted to speak with Cook even after his decision to plead guilty. Allegedly, Milani warned defendant beforehand not to divulge any circumstances regarding the case as Cook could be called as a witness against him. Milani denied that he or Cook attempted to exert pressure on defendant to plead guilty, nor did he refuse to present a complete defense if defendant chose to proceed to trial.

Defendant contends on appeal that the trial court abused its discretion in failing to conduct an evidentiary hearing on his constitutional claims. Defendant also argues that the State's affidavits do not adequately refute his claims in the petition. For that reason, defend-

ant asserts that an evidentiary hearing is warranted. We disagree.

"Dismissal of a post-conviction petition is a matter within the trial court's discretion; the petitioner is not entitled to an evidentiary hearing as a matter of right. [Citation.] Only when the petitioner makes a substantial showing of a constitutional violation is an evidentiary hearing necessary. [Citation.] Conclusory allegations are not sufficient. [Citation.]." *(People v. Robinson* (1987), 160 Ill. App. 3d 366, 368.)

Generally, an evidentiary hearing is necessary to determine the truth or falsity of conflicting affidavits. *(People v. Wegner* (1968), 40 Ill. 2d 28, 32; *People v. Brumas* (1986), 142 Ill. App. 3d 178, 180.) However, even construing the allegations liberally in favor of the defendant and as set forth in light of the record and transcript (see *People v. Redmond* (1986), 146 Ill. App. 3d 259, 262), we conclude that the allegations in the petition are not legally sufficient to constitute a constitutional claim.

■ Assuming the facts set out in the petition are true, we conclude that the defendant has not presented substantial constitutional claims warranting a post-conviction hearing. Defendant claimed that Cook's presence at a conference with Milani induced him into pleading guilty against his will. However, these allegations are merely conclusory and, as such, are insufficient to warrant an evidentiary hearing. (See *People v. Robinson* (1987), 160 Ill. App. 3d 366, 368.) Defendant's claim is insufficient as he has failed to state why Cook's presence was coercive. There are no allegations that Cook made statements or acted in any manner that would render defendant under duress in his decision to plead guilty.

We also find that a statement allegedly made by Milani is insufficient to show that defendant's plea was involuntary. Defendant's petition stated that Milani told defendant that "because of the Judge's ruling he could present no defense and stated 'If I went in [the courtroom] with it [the case], I couldn't do anything for you—I'd just sit there like a bump on a log.'" Milani's statement by itself does not amount to ineffective assistance of counsel or coercion. What Milani was essentially telling defendant was that due to the posture of the case, he did not believe that a guilty verdict could be avoided. We are of the opinion that a defense attorney's honest assessment of a case cannot be the basis for holding that a defendant's guilty plea was involuntary. See *People v. Edwards* (1971), 49 Ill. 2d 522, 525 (plea not coerced where defendant's attorney advised him he would receive a shorter sentence if he pleaded guilty); *People v. Covington* (1970), 45 Ill. 2d 105, 110 (following counsel's advice would not render guilty

plea involuntary).

Accordingly, the trial court's order denying the petition without an evidentiary hearing is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.