THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRENCE A. BROWN, Defendant-Appellant.

Fourth District   Nos. 4—88—0386, 4—88—0387 cons.

Opinion filed February 23, 1989.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant Terrence A. Brown brings these consolidated appeals from an order of the circuit court of Champaign County which defendant characterizes as a "partial" denial of his post-conviction petition. In his post-conviction petition, defendant alleged ineffective assistance of counsel and challenged the guilty plea proceedings and sentences imposed in two cases consolidated before the trial court.

On March 6, 1986, defendant pleaded guilty to residential burglary and aggravated criminal sexual assault (docket No. 85—CF—1603) and to armed robbery (docket No. 85—CF—1695). (Ill. Rev. Stat. 1985, ch. 38, pars. 19—3, 12—14(a)(4), 18—2(a).) On March 26, 1986, the trial court imposed concurrent sentences of 15 years for residential burglary and 30 years for aggravated criminal sexual assault, said sentences to run consecutive to a sentence of 60 years for armed robbery. However, during the sentencing hearing the trial court commented that the total maximum sentence available to defendant was 150 years.

On October 17, 1987, a petition for post-conviction relief was filed alleging ineffective assistance of counsel and attacking the guilty plea proceedings and sentences imposed. On November 10, 1987, the trial court appointed counsel on post-conviction petition. A supplemental post-conviction petition was filed *pro se* on February 9, 1988, and an amended petition was filed by appointed counsel on February 25, 1988. The amended petition for post-conviction relief alleged defendant was denied effective assistance of counsel for the following reasons: (1) counsel failed to inform defendant about allegedly exculpating facts relating to the charge of aggravated criminal sexual assault; (2) with regard to the same charge counsel advised defendant he had virtually no chance of acquittal and should plead guilty to avoid a sentence totalling 120 years; (3) counsel failed to file a motion to withdraw guilty pleas and appeal the convictions even though defendant advised him to do so within 30 days of plead-

ing guilty; (4) counsel never asked defendant if he was addicted to drugs which addiction may have played a role in his criminal behavior; (5) counsel did not attempt to have defendant evaluated regarding possible drug addiction prior to sentencing and never requested such an evaluation even though the presentence report referred to defendant freebasing cocaine; (6) counsel failed to object to the imposition of an extended term of 60 years for armed robbery even though defendant was not eligible for such a sentence; (7) counsel failed to show defendant the presentence report and review it with defendant; and (8) counsel failed to move to strike statements in the presentence report which described the prejudice of Randi and Steve Blunier toward black people after they were victimized in those offenses.

In his petition, defendant sought to vacate the convictions and to set jury trials. In the alternative, defendant requested the sentences for residential burglary and armed robbery be vacated and defendant be resentenced after the trial court considered an evaluation of defendant for drug addiction. Defendant also asked that the plea for aggravated criminal sexual assault be vacated and the cause set for jury trial or, in the alternative, defendant be resentenced after having an opportunity to present evidence defendant was not the person who actually assaulted the victim.

At the hearing on the post-conviction petition, the circuit court found that the trial attorney's representation of defendant was deficient for failing to perfect an appeal by filing a motion to withdraw the guilty pleas. The circuit court went on to conclude the defendant was prejudiced by his attorney's deficient performance in that the deficiency waived a potential claim against the imposition of an extended-term sentence on the armed robbery charge. However, the trial court also ruled the trial attorney's representation of defendant was not deficient because of the failure to inform defendant of allegedly exculpatory facts, failure to have defendant evaluated for a possible drug problem, and failure to strike alleged racial remarks. The final paragraph of the court's order directed defendant to file a motion to withdraw his guilty pleas within 30 days of the date of the finding. It would, therefore, appear the order allowed defendant only to file a motion to withdraw his guilty plea to the armed robbery charge (No. 85—CF—1695). Without filing a motion to withdraw the guilty plea, defendant appealed.

On appeal, defendant contends the trial court erred by granting defendant's request for post-conviction relief while erroneously finding defendant's trial counsel did not render ineffective assistance of

counsel by failing to file a motion to withdraw defendant's guilty pleas, claiming (1) the sentencing court misconstrued the law and (2) defendant's guilty pleas were not knowing and voluntary pleas because defendant was not made aware of allegedly exculpatory facts known to his trial counsel.

Taken with the case is a motion filed by the State to dismiss the appeals. Based on the recent decision in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, the State argues the appeals should be dismissed since defendant failed to file a motion to withdraw the guilty pleas after the trial court found trial defense counsel's representation of defendant to be deficient and directed defendant to file a motion to withdraw his guilty pleas. The defendant's objections to the motion ask this court either to deny the motion to dismiss, or to allow the motion to dismiss with leave granted to defendant to file a motion to reconsider or a motion to vacate the sentence in the circuit court.

*Wilk* does not deal with a situation involving a post-conviction petition at the conclusion of which defendant is directed to file a motion to withdraw his guilty plea. *Wilk* is an attempt by the supreme court to eliminate unnecessary appeals. *Wilk* deals with two situations: (1) where defendant filed a notice of appeal without first filing a motion to withdraw the guilty plea; and (2) where defendant filed a notice of appeal without filing a motion to withdraw the guilty plea, but did file a motion to reconsider the sentence imposed, and proceeded to appeal the sentence only. In the first situation, the appeal must be dismissed, the defendant being required to seek post-conviction relief. In the second situation, the reviewing court is to consider the appeal on the sentence only.

As a result, *Wilk* is somewhat distinguishable from the case at bar. Here, the post-conviction proceedings were had. The trial court found sufficient grounds for granting the post-conviction petition in one case. Defendant is now to file a motion to withdraw his guilty plea in the armed robbery case.

■ The Illinois Supreme Court has already determined that the granting of a petition for post-conviction relief is a final order from which the State may appeal. (*People v. Joyce* (1953), 1 Ill. 2d 225, 115 N.E.2d 262.) Therefore, we find the defendant may appeal from such an order in these consolidated cases to determine whether the order improperly divested defendant of the right to raise issues in the motion to withdraw his guilty pleas. The State's motion to dismiss is denied.

Except for the apparent fact the order only allows defendant to

file a motion to withdraw a guilty plea in one case, the trial court's order does not foreclose defendant from raising any ground for relief which may properly be raised in a motion to withdraw the guilty plea in that case. Since the only basis for allowing defendant to file a motion to withdraw his guilty plea to armed robbery was a finding of ineffective assistance of counsel in failing to preserve for appeal the impropriety of giving defendant an extended term, it would seem that it would be more appropriate to limit relief for defendant to a new sentencing hearing rather than to allow defendant to challenge the entire conviction by way of a motion to withdraw his guilty plea. Since this issue is not raised in a cross-appeal, the trial court's grant to defendant of the opportunity to move to withdraw his guilty plea stands.

■ However, allowing defendant to file a motion to withdraw his guilty plea only as to the armed robbery case was error. Under *People v. Phillips* (1986), 150 Ill. App. 3d 531, 502 N.E.2d 80, *appeal denied* (1987), 114 Ill. 2d 554, 508 N.E.2d 734, *cert. denied* (1987), 482 U.S. 907, 96 L. Ed. 2d 378, 107 S. Ct. 2486, a trial court cannot consider enhanced penalties where there has been no prior conviction, such as where defendant is being simultaneously sentenced on two separate charges to which defendant pleaded guilty. Therefore, the sentencing court improperly stated the law when referring to a possible maximum of 150 years for these offenses. The only way defendant would be sentenced to 150 years is if enhanced penalties are applied to all these sentences. The fact defendant was sentenced to an extended term of 60 years for armed robbery is further evidence the trial court misinterpreted the law. As a result, the failure of defense attorney to file a motion to withdraw guilty pleas also prejudiced defendant in preventing defendant from having considered on appeal the issue of whether the sentencing court's misunderstanding of the sentencing limits required a new sentencing hearing as to all the charges. (See *People v. Marquis* (1977), 54 Ill. App. 3d 209, 369 N.E.2d 372.) Defendant should be given a new sentencing hearing in No. 85—CF—1603 as well.

■ The remaining question defendant seeks to have answered on appeal is whether he should be allowed to file a motion to withdraw his guilty plea for aggravated criminal sexual assault because of the failure of trial counsel to advise defendant of allegedly exculpatory facts. The post-conviction hearing in this case focused on the conduct of the defense attorney and whether said conduct was ineffective assistance of counsel, thereby depriving defendant of his right to counsel as guaranteed by the sixth and fourteenth amend-

ments to the United States Constitution and article I, section 8 of the Illinois Constitution of 1970. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8.) In order to establish ineffective assistance of counsel in guilty plea cases, defendant must show (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability defendant would not have pleaded guilty and would have insisted on trial except for counsel's unprofessional errors. (*Hill v. Lockhart* (1985), 474 U.S. 52, 88 L. Ed. 2d 203, 106 S. Ct. 366.) We agree with the trial court that defendant has not met this burden.

Defendant's trial attorney testified at the post-conviction hearing it was office policy not to tender discovery material to clients, and he followed office policy in this case. Defendant testified he did not see any discovery material prior to his plea. Later he learned the discovery material included a statement from the complaining witness that she could not identify the perpetrator because his facial features were covered, but he stood about 6 feet tall. Defendant is 5 feet 7 inches in height. Both defendant and defendant's trial counsel testified the defendant had originally named another individual as the perpetrator of the sexual assault. The attorney admitted, however, that defendant later accepted sole responsibility for the offense.

Defendant testified that trial counsel had informed defendant the prosecutor had a very strong and overwhelming case, and that chances of acquittal were minimal. Numerous fingerprints of defendant were found in the victim's home, including the point of entry, and defendant and the victim were not acquainted previously. Defendant's defense was that he accompanied another person to the house, and after burglarizing the premises, the other man returned to the house for about 10 minutes while defendant waited outside. In order to establish this improbable defense, defendant would have to testify, opening defendant to impeachment for prior convictions and the possibility he may have been found guilty on an accountability theory anyway. Furthermore, the tests of seminal material did not exclude defendant as the perpetrator. Trial counsel advised defendant to plead guilty in the hope of getting a lesser sentence.

█ Based on the evidence, we find defendant has not established either that trial counsel's representation was incompetent or that there is a reasonable probability defendant would have insisted on going to trial had he been made aware of the victim's statement about the height of the perpetrator and her inability to identify the perpetrator. The trial court properly refused to allow defendant to

file a motion to withdraw his guilty plea as to aggravated criminal sexual assault.

For the foregoing reasons, the sentences in both cases must be vacated and the causes remanded for a new sentencing hearing. Accordingly, the order of the circuit court of Champaign County is affirmed in part, reversed in part and remanded.

Affirmed in part; reversed in part and remanded.

McCULLOUGH, P.J., and GREEN, J., concur.