THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STANLEY ALGEE, Defendant-Appellant.

Fifth District  No. 5—90—0280

Opinion filed May 8, 1992.

Paul Christenson, of Bailey & Christenson, of Murphysboro, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Stanley Algee, appeals from the order of the circuit court of Jackson County denying his motion to withdraw his plea of guilty as an accomplice to the charge of first degree murder. Defendant further appeals his sentence imposed in an unrelated drug case. The two cases have been consolidated for appeal as they involve a single plea agreement. We affirm in part and reverse in part.

On January 24, 1990, defendant entered a plea of guilty to first degree murder as an accomplice in connection with a fatal shooting during an armed robbery of a restaurant on October 14, 1989. At the time of entering his plea of guilty to murder, defendant had been found guilty of one count of delivery of a controlled substance and was awaiting sentencing. As part of the plea agreement in the murder case, defendant was to be sentenced to four years' imprisonment on the drug charge to be served consecutively to his sentence of 46 years for the murder charge. All remaining drug charges against defendant were also to be dropped. After entering his plea on the murder charge, defendant retained new counsel and moved both to withdraw his plea and to substitute for cause the judge presiding in the murder case and pending drug case. Both motions were denied. Subsequently at the sentencing hearing on defendant's drug charge,

the trial court, believing defendant's action of filing a motion to withdraw his guilty plea invalidated the plea agreement, sentenced defendant to 10 years' imprisonment to be served consecutive to his 46-year sentence for murder. Defendant appeals both cases.

Defendant raises five points on appeal in support of his position that the trial court's denial of his motion to withdraw his guilty plea should be reversed. Defendant first argues his plea was rendered involuntary because of the unfilled sentencing promise with respect to his drug charges; because of ineffective assistance of counsel; and because of threats and promises used to induce his plea. Defendant also contends the denial of his motions for substitution of trial judge for cause and the improper exclusion of critical testimony at the hearing on his motion to withdraw his plea constitute reversible error. We address the voluntariness of defendant's plea first.

■ Defendant initially contends his plea was rendered involuntary because he did not receive the sentence promised in his plea agreement. It is true that when the prosecution breaches its promise with respect to an executed plea agreement, the defendant has pleaded guilty on a false premise thereby rendering his plea involuntary. (See *People v. Boyt* (1985), 109 Ill. 2d 403, 413-14, 488 N.E.2d 264, 269; *People v. Langston* (1984), 125 Ill. App. 3d 479, 481, 466 N.E.2d 268, 269.) The problem with this stance is that the State did not breach its promise. At the sentencing hearing on defendant's drug charge, both the prosecution and defense counsel requested a sentence of four years in accordance with the terms of the plea agreement. It was the trial court which decided it was no longer bound to impose the sentence upon which the parties agreed once defendant filed a motion to withdraw his guilty plea. We agree. By filing a motion to withdraw his plea, defendant reneged on his agreement. (See *People v. Prince* (1989), 186 Ill. App. 3d 1043, 1056-57, 542 N.E.2d 1205, 1213; *People v. Bullis* (1980), 85 Ill. App. 3d 693, 695, 407 N.E.2d 1100, 1102. See also *People v. McCutcheon* (1977), 68 Ill. 2d 101, 107, 368 N.E.2d 886, 888-89.) And, once defendant breached the plea agreement, the trial court's imposition of a sentence greater than that to which the parties agreed did not vitiate defendant's guilty plea. What did vitiate defendant's guilty plea was the ineffective assistance of counsel he received prior to making that plea.

■ When challenging the quality of representation of defense counsel following a guilty plea, a defendant must show that the level of representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty but would have in-

sisted upon proceeding to trial. (*People v. Felton* (1989), 191 Ill. App. 3d 599, 600-01, 548 N.E.2d 57, 59; *People v. Brown* (1989), 179 Ill. App. 3d 1009, 1014, 535 N.E.2d 66, 69. See also *People v. Hillenbrand* (1988), 121 Ill. 2d 537, 548-49, 521 N.E.2d 900, 904-05.) We believe defendant has met that burden in this instance.

A plea of guilty is deemed voluntary only if it is given with the assistance of competent counsel. (See *People v. Brumas* (1986), 142 Ill. App. 3d 178, 180, 491 N.E.2d 773, 775. See also *United States ex rel. Healey v. Cannon* (7th Cir. 1977), 553 F.2d 1052, 1056.) In defendant's motion to withdraw his guilty plea, defendant claimed defense counsel refused to prepare a defense, refused to give defendant all discovery materials supplied by the State, refused to accept many of defendant's phone calls, refused to withdraw as counsel when requested, failed to object to inappropriate conduct by the State's Attorney toward defendant, and coerced defendant's plea by relating misinformation and/or threats designed to encourage defendant to plead guilty. We initially note defense counsel admitted he did not turn over all discovery material to defendant although he did give defendant copies of statements of the State's four main witnesses. Defense counsel further admitted he did not accept all of defendant's calls and on one occasion did hang up on defendant after telling him he was not going to "hold [his] g--damn hand." Furthermore, defense counsel, believing the State had or would request a continuance, was not prepared for trial on the day defendant's plea was entered, a fact of which defendant was made aware. More importantly, according to defendant, defense counsel informed defendant the morning of his trial that the judge was going to sentence defendant to 120 years on his drug charges if he did not accept the plea offered by the State that day. While defense counsel denied making such a statement, counsel did agree he believed the judge would "unload" on defendant if given the opportunity. Others who were present at the conversation between defendant and counsel prior to trial testified, or if allowed to testify, would have stated defense counsel did inform defendant he was going to get the maximum sentence on his drug charges if he did not plead guilty. Clearly, defendant was in a no-win situation. In defendant's eyes, he was faced with counsel who did not appear to be cooperative, a trial judge who appeared "to have it in for him," and a State's Attorney who just the day before acted inappropriately toward him. Under such circumstances, we cannot say defendant's plea was knowing and voluntary. It is true that defense counsel's "suggestion" of the imposition of a larger sentence if defendant were not to plead guilty does not by itself invalidate a guilty plea. (See *People v.*

*Cox* (1985), 136 Ill. App. 3d 623, 629, 483 N.E.2d 422, 426. See also *People v. Witherspoon* (1987), 164 Ill. App. 3d 362, 365, 517 N.E.2d 1169, 1171.) Here, however, defense counsel's conduct as a whole went far beyond the "suggestion" stage. We therefore conclude defendant received ineffective assistance of counsel which rendered his plea involuntary. Compare *Healey*, 553 F.2d 1052, with *People v. Miller* (1986), 141 Ill. App. 3d 423, 490 N.E.2d 228.

■ Defendant also contends his plea was rendered involuntary by the threatening conduct of the State's Attorney on the day before he entered his plea. The State's Attorney, familiar with defendant's past behavior of accepting and rescinding plea offers, contacted defendant in an interview cell at the jail without the permission or knowledge of defense counsel to learn if defendant had, in fact, accepted or was planning to accept the State's plea offer. The State's Attorney admitted that he told defendant during this conference this was defendant's last chance to take the State's plea offer and that he had used profanity and raised his voice toward the end of the conversation. While we find such conduct, at best, extremely questionable (see *People v. White* (1991), 209 Ill. App. 3d 844, 873-75, 567 N.E.2d 1368, 1386-87), we do not believe the State's Attorney's visit coerced defendant into pleading guilty. The next morning on the way to court, defendant specifically stated to one of the sheriff's deputies he did not intend to accept the State's plea offer. Clearly the meeting between defendant and the State's Attorney, standing alone, was not what induced defendant's guilty plea. And, without evidence of the State's Attorney threatening any illegitimate action, we cannot say the conduct of the State's Attorney vitiated defendant's guilty plea. See *People v. Bowman* (1968), 40 Ill. 2d 116, 125-27, 239 N.E.2d 433, 439-40; *People v. Heirens* (1954), 4 Ill. 2d 131, 141, 122 N.E.2d 231, 237.

Defendant next contends on appeal the trial court erred in excluding as hearsay critical testimony pertaining to statements made by defense counsel to defendant immediately prior to defendant accepting the State's plea offer. At the hearing on defendant's motion to withdraw his guilty plea, defendant attempted to introduce the testimony of both his father and one of the sheriff's deputies who were present when defense counsel informed defendant that the trial judge would sentence defendant to the maximum or to 120 years for his drug offenses if he did not plead guilty to murder. The trial court sustained the State's hearsay objection to such testimony. We believe the trial court made an erroneous ruling in this instance.

■ Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein and dependent for its value on

the credibility of the out-of-court declarant. (*People v. Winchel* (1987), 159 Ill. App. 3d 892, 902-03, 512 N.E.2d 1298, 1304; *People v. Gully* (1986), 151 Ill. App. 3d 795, 799, 502 N.E.2d 1091, 1094.) If such statements are offered, however, to prove their effect on a listener's state of mind, they are nonhearsay and admissible. (See *People v. Sanders* (1988), 168 Ill. App. 3d 295, 309, 522 N.E.2d 715, 726; *People v. Jackson* (1986), 145 Ill. App. 3d 626, 636, 495 N.E.2d 1207, 1216.) Accordingly, the trial court erred in excluding such testimony.

■ Defendant's final argument on appeal is that the trial court erred in denying his motion for substitution of judge for cause after the appearance of judicial impropriety was raised by the evidence. We disagree. While it is true that a motion for substitution of judge should be given a liberal rather than strict interpretation (see *People v. Walker* (1988), 119 Ill. 2d 465, 480-81, 519 N.E.2d 890, 891; *Hoga v. Clark* (1983), 113 Ill. App. 3d 1050, 1060, 448 N.E.2d 196, 202), it is also true that the petition for such a change must be filed at the earliest practical moment before the judge has ruled upon a substantive issue in the case (*Hoga*, 113 Ill. App. 3d at 1060, 448 N.E.2d at 202; *People v. Jones* (1971), 2 Ill. App. 3d 575, 578, 277 N.E.2d 144, 146). To hold otherwise would permit a defendant to "shop" for a judge more favorably disposed to the defendant. (See *Jones*, 2 Ill. App. 3d at 578, 277 N.E.2d at 146-47.) Here defendant filed his motion after pleading guilty and after having been sentenced on the murder charge in accordance with his plea agreement. As such, defendant's motion was untimely. More importantly, defendant failed to show any prejudice would result if his motion were not granted. In other words, defendant did not show the alleged bias of the judge stemmed from an extrajudicial source resulting in an opinion on the merits on some basis other than what the judge learned from participating in the case. (See *People v. Andricopulos* (1987), 162 Ill. App. 3d 899, 909-10, 516 N.E.2d 302, 308.) Defense counsel specifically testified that the judge defendant wished to have removed had said nothing to suggest he was angry with or prejudiced against defendant or was treating defendant differently than he treated other criminal defendants. Merely because the trial judge had appointed defense counsel does not mean the same judge could never find ineffective assistance in that counsel's representation of a defendant. Moreover, any comments made by the judge in appointing counsel for defendant only pertained to the fact that an indigent has no right to choose appointed counsel (see *People v. Lewis* (1981), 88 Ill. 2d 129, 160, 430 N.E.2d 1346, 1361). Under such circumstances, we find no abuse of

discretion in denying defendant's motions for substitution of judge for cause.

For the aforementioned reasons, we reverse and vacate the judgment entered in the murder case and remand this cause to the circuit court of Jackson County with directions to permit withdrawal of defendant's plea of guilty on the basis of ineffective assistance of counsel and to reset the matter for trial. We otherwise affirm all other orders, convictions and sentences.

Affirmed in part; reversed and vacated in part and remanded with directions.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.