THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE L. ALFARO, Defendant-Appellant.

Third District No. 3—91—0077

Opinion filed April 2, 1992.—Modified on denial of rehearing May 20, 1992.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Defendant Jose L. Alfaro pleaded guilty to and was convicted of unlawful possession of a controlled substance (cocaine) with intent to deliver. He was sentenced to serve 18 years in the Department of Corrections and fined. Defendant appealed from his sentence, and this court affirmed in an unpublished order. On December 31, 1990, defendant filed a petition for post-conviction relief. The motion was dismissed by the circuit court, as was defendant's motion to reconsider. Defendant appeals. For reasons that follow, we reverse.

The facts underlying defendant's conviction and sentence are set forth only as necessary to explain our disposition of this appeal from the dismissal of the petition for post-conviction relief. In his petition, defendant, represented by his erstwhile appellate counsel, charged that his plea was entered involuntarily and in violation of his constitutionally guaranteed rights to due process and effective assistance of counsel. Defendant, an illiterate and national of Mexico, asserted, *inter alia*, that the interpreter used at the plea proceedings did not ade-

quately explain what was being said, that he was unaware of the potentially viable defense of entrapment, and that counsel failed to present available mitigating evidence at the sentencing hearing. In his attached affidavit, defendant declared his innocence in his native tongue. Shortly after these documents were filed with the circuit court, counsel moved to withdraw, citing inability to communicate in the Spanish language. Four days later, the trial court *sua sponte* entered its order dismissing without hearing the post-conviction petition and without ruling on the motion to withdraw. Counsel made a timely motion for reconsideration and noted that the language barrier also prevented him from filing a certificate of compliance with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). That motion was summarily dismissed *sua sponte* by the court as well. This appeal followed.

Defendant presents two issues for our review: (1) whether the circuit court erred in dismissing the petition without a hearing because the petition raised cognizable constitutional issues; and (2) whether post-conviction counsel's failure to comply with Supreme Court Rule 651 requires that the cause be remanded for further proceedings.

If a petition is frivolous or patently without merit, it may be dismissed without an evidentiary hearing. (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1.) As observed by our supreme court in *People v. Enoch* (1991), 146 Ill. 2d 44, 50, 585 N.E.2d 115, 118:

> "[A]n action for post conviction relief represents a collateral attack on a prior judgment; it is not an appeal from an underlying conviction and sentence. (*People v. Ruiz* (1989), 132 Ill. 2d 1, 9; *People v. Free* (1988), 122 Ill. 2d 367, 377; *People v. James* (1986), 111 Ill. 2d 283, 290.) To be entitled to post-conviction relief, a defendant must establish a substantial deprivation of Federal or State constitutional rights in the proceedings that produced the judgment under attack. (Ill. Rev. Stat. 1985, ch. 38, par. 122—1.) Rulings on issues that were previously raised at trial and on direct appeal are *res judicata*, and issues that could have been raised in the original proceedings, but were not, will be deemed waived. *Ruiz*, 132 Ill. 2d at 9; *People v. Silagy* (1987), 116 Ill. 2d 357, 365."

The question before us is whether defendant's petition contains allegations which present the gist of a meritorious constitutional claim. (*People v. Lawrence* (1991), 211 Ill. App. 3d 135, 138, 569 N.E.2d 1175, 1177.) With certain significant differences, the situation presented by this case is analogous to *People v. Vitale* (1954), 3 Ill. 2d 99, 119 N.E.2d 784. Vitale, a Sicilian national, was charged with the murder by arson of 10 persons. He pleaded not guilty, and his cause

proceeded to trial. After the State completed its case in chief, defendant changed his plea to guilty on all 10 counts. He was sentenced to 10 concurrent terms of imprisonment for 199 years each. In his post-conviction petition, defendant averred that he understood only the Sicilian dialect of the Italian language. He did not understand the English language or any other Italian dialect. Vitale further alleged that he was beaten by the police and intimidated into signing a confession of a codefendant with an "X" and that the court proceedings were not translated to him such that he could understand what was said. Finally, defendant alleged that his case had not been properly presented by counsel and that his plea of guilty was involuntary because counsel had coerced him by telling him that a jury would likely impose the death penalty.

The circuit court in *Vitale* heard defendant's petition and the State's response to it. The State established that defense counsel was of Italian extraction and that he spoke both Neopolitan and Sicilian dialects. Transcripts of the trial proceedings established that counsel had painstakingly explained to defendant, in Italian, the consequences of the guilty plea and that defendant understood. Likewise, testimony by police officers present when defendant had placed his mark on his codefendant's confession was introduced to refute defendant's post-conviction claim of involuntariness. At the close of the hearing, the trial court denied post-conviction relief.

On review, the court carefully examined the record and concluded that the trial court had not erred. The court prefaced its analysis, however, with comments that we find particularly instructive for our resolution of this case:

> "The intent of our law is to secure to a person charged with crime the right to a trial by jury unless he should, after an opportunity to fully and fairly understand the consequences of a plea of guilty, waive that right. Ordinarily a waiver sufficiently appears where recitals in the record show the defendant was duly informed and admonished by the court. But in cases where defendant does not understand the English language, due process requires some further showing that he comprehends the meaning and effect of his plea. (*Marino v. Ragen*, 332 U.S. 561[, 92 L. Ed. 170, 68 S. Ct. 240].) The presence of such handicaps may lend a different character to objections which would otherwise be insufficient to question the legality of the proceeding. (See *People v. Nitti*, 312 Ill. 73[, 89, 143 N.E. 448].) It is also essential to a valid waiver that it result not from fear and

coercion but from voluntary choice." *Vitale*, 3 Ill. 2d at 103, 119 N.E.2d at 786-87.

■ Unlike *Vitale*, the record before us presents only defendant's affidavits of inability to understand the proceedings despite the assistance of a Spanish translator during court appearances. There is no indication of record that the public defender representing defendant at the plea proceedings, the prosecuting attorney, the court reporter or the trial judge spoke or understood the Spanish language. The record discloses only the presence of the translator. It does not reflect what she said to the defendant, and it does not reflect what defendant said to her. From all appearances, the proceedings were conducted entirely in the English language, including defendant's responses to the court's admonitions. We may assume otherwise, but where the degree and accuracy of translations have been called into question, such an assumption cannot justify the denial of an evidentiary hearing. Defendant alleges that a full translation of the proceedings was not provided, but rather only synopses of what the translator deemed to be of interest to him. Nothing appears in the record before us to refute this charge. Defendant's allegations go to the heart of constitutional due process of law and should not have been summarily dismissed.

■ Similarly, we find defendant's allegations of ineffectiveness of trial counsel, standing unchallenged in the record on appeal, state cognizable constitutional issues and require an evidentiary hearing. Post-conviction charges of ineffective assistance of counsel are frequently reviewed on appeal because the bases for such charges (*e.g.*, failure to investigate defenses, failure to produce witnesses in mitigation, failure to consult or communicate with defendant), as here, generally do not appear in the trial record.

The standard for determining whether counsel's performance fell below the constitutional mandate requires determinations of incompetence and prejudice. (*People v. Jones* (1991), 144 Ill. 2d 242, 253-54, 579 N.E.2d 829, 833, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064, and *People v. Albanese* (1984), 104 Ill. 2d 504.) The incompetence prong in this case is satisfied upon a showing that counsel's advice to enter a blind plea of guilty fell below the range of competence demanded of attorneys in criminal cases. (*Jones*, 144 Ill. 2d at 254, 579 N.E.2d at 834, citing *McMann v. Richardson* (1970), 397 U.S. 759, 770-71, 25 L. Ed. 2d 763, 773, 90 S. Ct. 1441, 1448-49.) "To show prejudice, the defendant must prove that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial.' " (*Jones*, 144 Ill. 2d at 254, 579 N.E.2d at 834, quoting *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 88 L. Ed. 2d 203, 210, 106 S. Ct. 366, 370.) The *Hill* Court explained the analysis in practical terms:

"In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." 474 U.S. at 59, 88 L. Ed. 2d at 210, 106 S. Ct. at 370-71.

In this case we find that defendant's allegation that trial counsel failed to investigate a viable defense based on entrapment, if proved, is not so patently meritless as to justify an outright dismissal of the post-conviction petition. Nor do we agree with the State's contention that the record of defendant's sentencing hearing conclusively establishes the frivolity of defendant's allegations that he was not predisposed to traffic in drugs.

Because we find that defendant's post-conviction petition was improperly dismissed without an evidentiary hearing, we need not address defendant's second issue based on counsel's failure to file a certificate of compliance with Supreme Court Rule 651. This cause is remanded to the circuit court of Bureau County for further proceedings.

Reversed; cause remanded.

STOUDER and GORMAN, JJ., concur.