No. 3--02--0446 _________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2003

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 10th Judicial Circuit,

       )  Tazewell County, Illinois

Plaintiff-Appellee,        ) 

       )

v.                         )  No. 99--CF--656

  ) 

ROBERTO MENDEZ,                 )

a/k/a ROBERTO BARAJOS,       ) Honorable

                 )  J. Peter Ault

Defendant-Appellant.       )  Judge, Presiding

________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

________________________________________________________________

The defendant, Roberto Mendez, pled guilty to unlawful delivery of a controlled substance.  720 ILCS 570/401(a)(2)(B) (West 1998).  The trial court sentenced defendant to 11 years’ imprisonment.  Defendant filed a 
pro
 
se
 postconviction petition which was dismissed by the trial court as frivolous and patently without merit.  Defendant appeals, contending (1) his petition stated the gist of a claim of ineffective assistance of counsel, and (2) Public Act 83--942 (Pub. Act 83--942, eff. November 23, 1983), which amended the Post-Conviction Hearing Act to allow for summary dismissal of a postconviction petition, violates the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, §8(d)).  We reverse and remand.

FACTS

Defendant pled guilty to unlawful delivery of a controlled substance.  In the factual basis for the plea, the State asserted that an undercover police officer had arranged to purchase cocaine from defendant for $2,200.  The officer later met defendant in a store parking lot.  Defendant handed the officer a bag containing what appeared to be cocaine and the officer handed defendant $2,200.  The substance was later analyzed and found to be 104.2 grams of cocaine.  The trial court accepted defendant’s guilty plea and sentenced him to 11 years’ imprisonment.

Defendant subsequently filed a 
pro
 
se
 
postconviction petition in which he 
asserted, among other things, that he had been entrapped into committing the offense.  In support of his claim, defendant asserted that he had no prior criminal record, he was not predisposed to committing the offense, that an informant had approached him more than 15 times before he agreed to sell the cocaine and that he had repeatedly canceled meetings with the informant.  

Defendant further asserted his trial counsel was ineffective because he only spoke to defendant on two occasions.  On those occasions, counsel’s advice was limited to urging defendant to plead guilty to the offense.  Defendant also stated that counsel did not investigate potential defenses.  In his petition, defendant stated he wanted to withdraw his guilty plea.  The trial court dismissed defendant’s petition as frivolous and patently without merit.

DISCUSSION

On appeal, defendant contends the trial court erred in dismissing his postconviction petition because it stated the gist of a claim of ineffective assistance of counsel for failure to assert an entrapment defense.

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 
et
 
seq.
 (West 2000)), provides a collateral remedy in three stages for defendants claiming substantial violations of their constitutional rights.  
People v. Eddmonds
, 143 Ill. 2d 501, 578 N.E.2d 952 (1991).  At the first stage, the trial court may summarily dismiss a petition if it is frivolous and patently without merit.  725 ILCS 5/122--2.1(a)(2) (West 2000).  However, the court cannot engage in fact-finding or consider arguments from the State because all well-pleaded facts are assumed to be true.  See 
People v. Coleman
, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).  To avoid summary dismissal, a 
pro
 
se
 petition need only contain a simple statement that presents the gist of a meritorious constitutional claim.  
People v. Patton
, 315 Ill. App. 3d 968, 735 N.E.2d 185 (2000).  If such a statement has been advanced, counsel should be appointed and given an opportunity to amend the petition.  725 ILCS 5/122--4, 122--5 (West 2000).
  We conduct a plenary review of orders summarily dismissing postconviction petitions.  
Coleman
, 183 Ill. 2d 366, 701 N.E.2d 1063.

A defendant claiming ineffective assistance of counsel must prove that: (1) his attorney’s representation fell below an objective standard of reasonableness; and (2) he was prejudiced by the deficient representation.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); 
People v. Albanese
, 125 Ill. 2d 100, 531 N.E.2d 17 (1988).

In his petition, defendant asserted his attorney urged him to plead guilty on the two occasions when they met.  Defendant stated his attorney did not inform him of any other options or investigate potential defenses.  Therefore, defendant’s petition indicated that he was not informed of the possibility of an entrapment defense.  

Defendant further asserted that he was approached more than 15 times before he eventually agreed to sell cocaine to an informant, that he repeatedly canceled meetings with the informant and that he did not have any prior criminal history.  There is nothing in the record to contradict defendant’s assertions in this regard.  Defendant’s allegations state the gist of a claim that counsel was ineffective for failing to investigate a potential entrapment defense or advise defendant of that defense.  See 
People v. Day
, 279 Ill. App. 3d 606, 665 N.E.2d 867 (1996) (defendant was entrapped where he initially resisted numerous requests for cocaine by a paid informant and an undercover officer, and his lack of a prior criminal history as well as other factors showed he was not predisposed to commit the offense); 
People v. Alfaro
, 227 Ill. App. 3d 281, 592 N.E.2d 1117 (1992) (defendant stated the gist of a claim of ineffective assistance of counsel in alleging trial counsel failed to investigate a viable entrapment defense).

The State contends defendant has waived his claim of ineffective assistance of counsel because he pled guilty to the offense.  The State correctly asserts that a guilty plea generally results in waiver of challenges which are not related to the voluntariness of the plea.  See 
People v. Edwards
, 197 Ill. 2d 239, 757 N.E.2d 442 (2001).  

However, in this case, defendant has sought to withdraw his guilty plea due to the alleged ineffectiveness of his trial counsel.  
A court should allow a defendant to withdraw his guilty plea when the plea was based on a misapprehension of the law or when he has a defense worthy of consideration.  
People v. Williams
, 328 Ill. App. 3d 879, 767 N.E.2d 511 (2002).  
A guilty plea is voluntary only if it is entered with the assistance of competent counsel.  
People v. Algee
, 228 Ill. App. 3d 401, 591 N.E.2d 1001 (1992).  
Therefore, defendant may be entitled to withdraw his guilty plea if he can establish that his counsel was ineffective for failing to advise him of the defense of entrapment.  Accordingly, defendant’s guilty plea does not result in waiver of his claim.  

In sum, we conclude that defendant alleged the gist of a constitutional claim that his plea was involuntary because his attorney was ineffective in failing to inform him of the defense of entrapment.  
Accordingly, defendant is entitled to appointment of counsel and further consideration pursuant to sections 122--4 through 122--6 of the Act.
  

Defendant also contends the summary dismissal provision of the Post-Conviction Hearing Act is unconstitutional because it was enacted in violation of the single subject rule.

In 
finding that the trial court erred in dismissing defendant’s petition, w
e have afforded defendant relief from the summary dismissal provision 
of the Act
.
  Therefore, defendant’s challenge to the constitutionality of the statute is moot.  See 
Teachers Insurance & Annuity Association of America v. La Salle National Bank
, 295 Ill. App. 3d 61, 691 N.E.2d 881 (1998).  

We also note that our supreme court recently held the enactment of Public Act 83--942 did not violate the single subject rule of the Illinois Constitution.  
People v. Boclair
, 202 Ill. 2d 89, ___ N.E.2d ___ (2002).  Accordingly, defendant’s claim that the summary dismissal provision of the Act is unconstitutional is without merit.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Tazewell County is 
reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

MCDADE, P.J., and LYTTON, J., concur.