NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190295-U

NO. 4-19-0295

IN THE APPELLATE COURT

FILED
July 13, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MICHAEL JOSEPH STAFFORD HUBBARD, | ) | No. 13CF1648 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in finding defendant's postconviction petition was
frivolous and patently without merit where it is not arguable counsel's
performance was deficient.

¶ 2    In September 2014, defendant, Michael Joseph Stafford Hubbard, pleaded guilty

to one count of criminal sexual assault (720 ILCS 5/11-1.20(a)(4) (West 2012)), seven counts of

predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)), and two

counts of aggravated production of child pornography (720 ILCS 5/11-20.1B(a)(3) (West 2010)).

In November 2014, the trial court sentenced defendant to consecutive terms of imprisonment for

each offense, totaling 285 years in prison. Defendant filed motions to withdraw his guilty plea

and reconsider sentence, which the court denied. Defendant appealed, and this court affirmed.

See *People v. Hubbard*, 2018 IL App (4th) 160876-U.

¶ 3     In March 2019, defendant filed a petition for postconviction relief, alleging, in part, (1) defense counsel was ineffective for failing to stop his guilty plea proceedings after he informed counsel his plea was coerced by threats made by a McLean County sheriff's detective and (2) he was denied due process because he was forced to plead guilty. Specifically, defendant alleged McLean County sheriff's detective Tim Tyler threatened defendant's father and stepmother with "charges" if defendant did not plead guilty. The trial court dismissed defendant's petition as frivolous and patently without merit.

¶ 4     On appeal, defendant argues the trial court erred in dismissing his postconviction petition where he presented the gist of a claim counsel provided ineffective assistance when she failed to fully litigate defendant's claim he was forced to plead guilty to protect his father and stepmother. Specifically, defendant argues counsel failed to call his father as a witness to corroborate defendant's testimony at the hearing on defendant's motion to withdraw his guilty plea. We disagree and affirm.

¶ 5                              I. BACKGROUND

¶ 6     As a result of conduct alleged to have occurred between August 1, 2012, and December 5, 2013, the State charged defendant by indictment with 10 counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(4) (West 2012)), 13 counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)), 15 counts of production of child pornography (720 ILCS 5/11-20.1(a)(3) (West 2012)), 3 counts of aggravated production of child pornography (720 ILCS 5/11-20.1B(a)(3) (West 2010)), and 13 counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2010)).

¶ 7     In July 2014, defense counsel requested the matter be set for an open plea. The trial court set the matter for a plea hearing. At the plea hearing, however, defendant requested a

continuance. Counsel informed the court that "[a]lthough [defendant] is not rejecting the State's offer for an open plea, he needs time to digest the enormity of the possible consequences." Defendant then gave a letter to the court, the contents of which he had not revealed to his attorney. In the letter, defendant complained of counsel's representation, alleging counsel had yelled at and bullied defendant into pleading guilty. Defendant stated counsel "chose to go ahead with the plea when I said not to." At this point, the trial court conducted a preliminary *Krankel* inquiry. Defendant's counsel explained she had discussed the consequences of the charges against defendant and his options at length and that she set a date for the guilty plea hearing to avoid the State revoking the offer. Counsel denied yelling at or bullying defendant but stated she did not "sugar coat" the seriousness of the charges against defendant. The court ruled it would not appoint new counsel because defendant's allegations lacked merit or pertained to trial strategy. The court then set the matter for a status hearing.

¶ 8        In September 2014, defendant, in exchange for the dismissal of all other charges, pleaded guilty to one count of criminal sexual assault, seven counts of predatory criminal sexual assault of a child, and two counts of aggravated production of child pornography. There was no agreement as to sentencing. This court set forth a detailed factual basis for the plea in *Hubbard*, 2018 IL App (4th) 160876-U. Prior to accepting defendant's guilty plea, the trial court inquired (1) whether anyone had forced defendant to sign the "formal waiver of jury and plea of guilty" form and (2) whether anyone had forced or threatened defendant into entering into the plea agreement. Defendant responded to both inquiries, "No, sir." The court found defendant's plea to be knowing and voluntary and accepted his plea.

¶ 9        In November 2014, the trial court sentenced defendant to 15 years' imprisonment for the offense of criminal sexual assault, 30 years' imprisonment for each offense of predatory

criminal sexual assault of a child, and 30 years' imprisonment for each offense of aggravated production of child pornography. The court ordered the terms of imprisonment be served consecutively, with defendant serving at least 85% of each term. Defendant filed a motion to reconsider his sentence, which the court denied. Defendant appealed.

¶ 10　　　　In August 2016, this court granted defendant's motion for summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). On remand, counsel filed a Rule 604(d) certificate and both a new motion to reconsider his sentence and a motion to withdraw his guilty plea. In the amended motion to withdraw his guilty plea, defendant contended his plea was not knowingly and intelligently entered where he "failed to understand the possible consequences of his plea and the effect thereof."

¶ 11　　　　At the November 2016 hearing on the motion to withdraw his guilty plea, defendant testified:

> "First, legal action was threatened against my family if they didn't talk me into accepting this plea. Also, I didn't understand the severity or seriousness of what I was signing. I didn't—the appeal process, I thought, was going back to a higher level of court and I had the option to take my case to trial. I didn't realize it was based only on previous court transcripts. I signed the plea to protect my family. That was the only option I had."

Defendant stated Detective Tyler approached his father and stepmother and told them they needed to convince defendant to plead guilty or charges would be filed against them. On cross-examination, when asked about the charges threatened, defendant stated, "I have no idea. You'd have to ask my father." Defendant also testified he was not present for the conversation and he told his attorney about the threats.

¶ 12        The trial court denied defendant's motion to withdraw his guilty plea. The trial court stated:

> "[T]he defendant has the burden to show that there was some sort of threat that was issued to coerce him to enter into the guilty plea, and the Court has not found credible evidence in terms of this hearing, to show that a credible threat was issued to require the defendant to enter into a guilty plea. In this particular situation *** when I did ask him, has anybody threatened him or coerced him into entering a guilty plea, he indicated that he was not."

The court also denied defendant's motion to reconsider his sentence.

¶ 13        Defendant appealed, arguing this court should vacate his convictions and allow defendant to withdraw his guilty plea where his conviction for predatory criminal sexual assault of a child (count XXV) failed to state an offense for which defendant could be found guilty. This court affirmed the trial court's judgment. See *Hubbard*, 2018 IL App (4th) 160876-U.

¶ 14        In March 2019, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). In his petition, defendant contended (1) he was deprived of his constitutional rights to be free from unreasonable searches and seizures, (2) counsel was ineffective for failing to file a motion to suppress evidence, (3) counsel was ineffective for failing to file a motion to suppress defendant's statements, (4) counsel was ineffective for failing to stop guilty plea proceedings after defendant informed her of threats made against his father and stepmother, (5) he was deprived due process of law because he pleaded guilty to protect his father and stepmother, and (6) counsel was ineffective for the prior alleged reasons, did not "truly try to fight [defendant's] case," and failed to properly submit a certificate pursuant to Rule 604(d), resulting in remand.

¶ 15    Defendant attached to the petition his affidavit stating (1) he informed counsel of the threats against his father and stepmother and (2) counsel told him he "couldn't sign the plea if [he] was being forced to do so." Defendant told counsel he did not want to sign the plea but he did not want his family to suffer because of his failure to cooperate. Defendant stated he "ended up signing the plea just to save [his] family any other hardships" and counsel "did nothing to stop [him], but she should have stopped everything after [he] told her what had happened."

¶ 16    Defendant also attached to the petition an affidavit signed by his father, Joseph Hubbard, dated April 27, 2016. In the affidavit, Joseph alleged after visiting defendant, he and his wife were approached by Detective Tyler. According to Joseph:

> "Detective Tyler continued to tell my wife and myself that he and Adam Ghrist, [(the assistant state's attorney)] would be filling [*sic*] charges against us followed by an arrest if my son did not agree to a plea of guilty, those were not his exact words but he made his case very clear."

Due to the threats, Joseph convinced defendant to plead guilty. Joseph alleged defense counsel was "very obviously working with the [state's attorney] and Detective Tyler to put my son away."

¶ 17    The trial court denied defendant's postconviction petition, finding it failed to state the gist of a constitutional claim and was frivolous and patently without merit, having no basis in law or fact. Specifically as to defendant's claim counsel should have stopped plea proceedings, the court found:

> "This is a claim that could and should have been raised on direct appeal. Further, the Court questioned Defendant on the voluntary nature of his guilty plea and after such questioning, the Court made a finding that [defendant] understood the

nature of the charges and was voluntary [*sic*] pleading guilty. The decision to plead guilty was [defendant's] and his alone, not his counsel's. [Defendant] had multiple opportunities to directly call to the Court's attention any coercion and did not do so."

¶ 18    This appeal followed.

¶ 19                                    II. ANALYSIS

¶ 20    On appeal, defendant argues the trial court erred in dismissing his postconviction petition where he stated the gist of a claim counsel provided ineffective assistance when she failed to completely litigate his claim that he was forced to plead guilty to protect his father and stepmother. Specifically, defendant argues counsel failed to call his father as a witness to corroborate defendant's testimony at the hearing on defendant's motion to withdraw his guilty plea.

¶ 21                            A. Postconviction Hearing Act

¶ 22    The Act "provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both." *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The adjudication of a postconviction petition follows a three-stage process. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615. In this case, defendant's postconviction petition was dismissed at the first stage. We review a first-stage dismissal *de novo*. *People v. Boykins*, 2017 IL 121365, ¶ 9, 93 N.E.3d 504.

¶ 23    At the first stage of postconviction proceedings, a postconviction petition must, among other things, "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2018). Stated differently, a postconviction petition must

allege sufficient facts to state the "gist" of a constitutional claim. *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009). While a defendant at the first stage need only present a limited amount of detail, that "does not mean that a *pro se* petitioner is excused from providing any factual detail at all surrounding the alleged constitutional violation." *Id.* at 10.

¶ 24 The legal standard to evaluate a postconviction petition at the first stage is, when taking the allegations as true, whether "the petition is either frivolous or patently without merit." *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001); see also 725 ILCS 5/122-2.1(a)(2) (West 2018). A petition is frivolous or patently without merit where it has "no arguable basis either in law or in fact, relying instead on an indisputably meritless legal theory or a fanciful factual allegation." (Internal quotation marks omitted.) *Boykins*, 2017 IL 121365, ¶ 9.

¶ 25 B. Forfeiture and Waiver

¶ 26 The State argues, because defendant could have advanced his arguments on direct appeal but failed to do so, defendant's claims are forfeited.

¶ 27 A postconviction proceeding " 'is not a substitute for, or an addendum to, direct appeal.' " *People v. Rissley*, 206 Ill. 2d 403, 412, 795 N.E.2d 174, 178 (2003) (quoting *People v. Kokoraleis*, 159 Ill. 2d 325, 328, 637 N.E.2d 1015, 1017 (1994)). The scope of a postconviction proceeding is ordinarily limited to constitutional matters involved in the original proceedings that have not been, nor could have been, previously adjudicated. *People v. Blair*, 215 Ill. 2d 427, 447, 831 N.E.2d 604, 617 (2005). An issue previously adjudicated on direct appeal will be barred by the doctrine of *res judicata*, and an issue that could have been raised on direct appeal but was not will be considered forfeited. *People v. Ligon*, 239 Ill. 2d 94, 103, 940 N.E.2d 1067, 1073 (2010). The doctrines of *res judicata* and forfeiture may be relaxed when one of the following three circumstances is present: (1) the facts relating to counsel's alleged ineffectiveness do not appear

on the face of the original appellate record; (2) a defendant can establish appellate counsel was ineffective for failing to raise the issue on direct appeal; or (3) fundamental fairness so requires. *People v. Terry*, 2012 IL App (4th) 100205, ¶ 30, 965 N.E.2d 533.

¶ 28       As our supreme court has stated in *People v. Jones*, 213 Ill. 2d 498, 505, 821 N.E.2d 1093, 1097 (2004), "a claim not raised in a petition cannot be argued for the first time on appeal." See also 725 ILCS 5/122-3 (West 2018) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."). Defendant's postconviction petition did not assert a claim of ineffective assistance of counsel based on counsel's alleged failure to call defendant's father as a corroborating witness at the hearing on his motion to withdraw his guilty plea. Defendant's petition made no claim regarding counsel's performance at the hearing on defendant's motion to withdraw his guilty plea. Instead, defendant argued only that counsel was ineffective for failing to stop the guilty plea proceedings when he advised counsel he was being "forced" to plead guilty.

¶ 29       Our supreme court has stressed that "our appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." *Jones*, 213 Ill. 2d at 508. Accordingly, we lack the authority to excuse defendant's waiver of any argument as to counsel's alleged failures at the hearing on defendant's motion to withdraw his guilty plea.

¶ 30       We next address an argument defendant did raise in his postconviction petition, that counsel provided him ineffective assistance by allowing him to enter his guilty plea despite informing counsel of alleged threats against his father and stepmother. As this claim involves facts not appearing on the face of the original record, specifically things defendant's counsel told

him or failed to tell him, defendant's claim is not forfeited. See *Terry*, 2012 IL App (4th) 100205, ¶ 30.

¶ 31                              C. Ineffective Assistance of Counsel

¶ 32          To demonstrate ineffective assistance of counsel, a defendant must show counsel's (1) performance fell below an objective standard of reasonableness and (2) deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If a defendant fails to prove either prong of the *Strickland* test, his claim for ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996). In the context of postconviction proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphasis added.) *Hodges*, 234 Ill. 2d at 17. To avoid summary dismissal, a defendant must satisfy both the arguably-deficient and the arguably-prejudiced prongs. *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 76, 962 N.E.2d 528.

¶ 33          Even taking defendant's version of events as presented in his affidavit as true, we do not find it is arguable counsel's performance fell below an objective standard of reasonableness. When defendant informed his counsel of the threats against his father and stepmother, counsel informed defendant he could not sign the plea agreement if he was being forced to do so. After counsel informed defendant he could not plead guilty if he were under threat or coercion, defendant ultimately chose to plead guilty. When asked by the trial court if anyone had forced him to sign the formal waiver of jury and plea of guilty form, defendant replied, "No, sir." When asked by the court if anyone forced or threatened him into entering into

the plea agreement, defendant answered, "No, sir." Defendant does not explain how it was deficient for his attorney, after she advised him he could not sign the plea form if he had been threatened or coerced, to allow defendant to choose to continue with his plea agreement. After all, the decision to plead guilty ultimately belongs to the defendant, not his attorney. *People v. Medina*, 221 Ill. 2d 394, 403, 851 N.E.2d 1220, 1225 (2006). Counsel has a duty to aid a defendant in making an informed choice whether to plead guilty. *People v. Mendez*, 336 Ill. App. 3d 935, 939, 784 N.E.2d 425, 427 (2003). In this instance, counsel informed defendant he could not plead guilty if he were being threatened and, on this advice, defendant elected to proceed with his guilty plea. We do not find it is arguable counsel's performance was deficient.

¶ 34　　　　　Moreover, it is not arguable defendant was prejudiced. To satisfy the prejudice prong of an ineffective assistance of counsel claim under the circumstances presented, "the defendant must show there is a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial." *People v. Hall*, 217 Ill. 2d 324, 335, 841 N.E.2d 913, 920 (2005). It is not enough for a defendant to simply testify he or she would have pleaded not guilty and insisted on a trial if counsel had not been deficient. *Id.* Rather, the defendant must present a claim of actual innocence or articulate a plausible defense which could have been raised at trial. *Id.* at 335-36. Whether counsel's deficient representation caused the defendant to plead guilty "depends in large part on predicting whether the defendant likely would have been successful at trial." *Id.* at 336.

¶ 35　　　　　Here, defendant did not present a claim of actual innocence. The factual basis of the plea agreement makes clear the State could present sufficient evidence to establish the requisite elements of the charged offenses. Defendant also did not articulate a plausible defense. The factual basis of the plea agreement indicates the State could prove the charged offenses

beyond a reasonable doubt. See *Hubbard*, 2018 IL App (4th) 160876-U, ¶ 6. Defendant's bare statement in his postconviction petition that "the outcome of legal proceedings would have been different had I not been forced/coerced to accept the plea deal" is, by itself, insufficient to establish prejudice. Thus, defendant has not established arguable prejudice.

¶ 36     As counsel's performance was not arguably deficient and defendant was not arguably prejudiced, we find the circuit court did not err in summarily dismissing defendant's postconviction petition as frivolous and patently without merit.

¶ 37                              III. CONCLUSION

¶ 38     For the reasons stated, we affirm the trial court's judgment.

¶ 39     Affirmed.