NOTICE
Decision filed 08/04/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 220646-U

NO. 5-22-0646

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 17-CF-451 |
| | ) | |
| ROMONDO S. BOOTCHEE, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice McHaney and Justice Boie concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not err in dismissing defendant's *pro se* postconviction petition where defendant failed to state a gist of a constitutional claim.

¶ 2     Defendant, Romondo S. Bootchee, appeals from the circuit court's order dismissing his *pro se* postconviction petition, alleging he met the low standard of stating a gist of the constitutional claim regarding one of the claims therein. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On November 6, 2017, defendant was charged with armed robbery (720 ILCS 5/18-2(a)(1) (West 2016)) for taking property from Zachary A. Wilson by threatening imminent use of force while armed with a firearm on October 16, 2017, and robbery (*id.* § 18-1(a)) for taking property

1

from Zachary A. Wilson by threatening the imminent use of force on October 16, 2017. A grand jury indicted defendant for the same charges on November 16, 2017.

¶ 5    The court originally appointed Paige Strawn to represent defendant. On December 5, 2017, Attorney Strawn withdrew due to a conflict of interest and the court appointed Letisha Luecking to represent defendant.

¶ 6    On January 3, 2018, defendant and the State presented a plea agreement where defendant would plead guilty to armed robbery and be sentenced to 25 years' imprisonment. In exchange for the guilty plea, the State dismissed the robbery count in this case, dismissed Jefferson County case No. 17-CF-452 (possession of a controlled substance), Jefferson County case No. 17-TR-4145, the petition to revoke probation in Jefferson County case No. 16-CF-300, and promised not to file a petition to revoke probation in Jefferson County case No. 16-CF-294. For the factual basis of the plea, the State averred that on October 16, 2017, Zachary A. Wilson met with defendant to buy drugs. When Wilson got into a car with defendant and two other men to buy the drugs, defendant grabbed Wilson's sweatshirt and pulled it over his head. At the same time, one of the passengers stuck a gun in Wilson's side and took $110 and a pocketknife from his pockets. Wilson positively identified defendant in a photo lineup.

¶ 7    The court admonished defendant of the rights he would waive by pleading guilty, the potential collateral consequences of pleading guilty, and the statutory range of punishment for the charges if defendant was found guilty after a trial. Defendant stated he understood and still wished to plead guilty. Defendant indicated, when making his decision to plead guilty, no one forced, threatened, or promised anything to him beyond the stated plea agreement. Defendant stated he adequately discussed the matter with his attorney, did not need more time, and was satisfied with

2

his attorney's services. The court accepted the plea and sentenced defendant in accordance with the plea agreement.

¶ 8    On January 25, 2018, defendant filed a *pro se* motion to withdraw his guilty plea. He alleged counsel never went over discovery with him, advised him that he had no chance at trial, and gave him only a couple of minutes to decide to plead guilty, stating "it was now or never." Defendant asserted this pressured him into taking the plea offer.

¶ 9    On April 17, 2018, defendant file a *pro se* amended motion to withdraw his guilty plea. He asserted counsel never let him see any motions, would not make the objections he wanted, promised he would get 25 years at 50%, and promised he would not be charged in a Jackson County case but was charged anyway. He again asserted counsel gave him little time to consider the plea agreement before he pled guilty. Defendant stated he told her that he wanted to go to trial and counsel stated that she did not want to go to trial and the plea deal was his best bet. Defendant contended he felt threatened, forced, and manipulated into taking the plea deal. He argued he had ineffective assistance of counsel based on unfulfilled promises and coercion on the part of his attorney to quicky accept the deal.

¶ 10    The court appointed Aaron Hopkins as postplea counsel for defendant. On December 12, 2018, postplea counsel filed an amended motion to withdraw defendant's guilty plea. It incorporated defendant's *pro se* motion and made several claims of ineffective assistance of plea counsel. The motion alleged that charges were filed in Jackson County despite plea counsel's promise that no charges would be filed in Jackson County as a term of the plea agreement. The motion stated that defendant felt pressured into taking the plea deal and was not given adequate time to consider the consequences of the deal. It further stated defendant informed counsel of his desire to proceed to trial, but counsel advised him that the plea agreement was in his best interest.

3

The motion contended that defendant felt threatened into taking the plea and counsel was ineffective based upon this unfulfilled promise that charges in Jackson County would not be filed.

¶ 11 A hearing on the motion was initially set for March 14, 2019. However, on that day, postplea counsel Hopkins requested a continuance, stating he had cause to issue a subpoena for Autumn Pollock, who was defendant's former girlfriend. Counsel believed Pollock's testimony would be material to the motion. He stated the most recent address for Pollock in Mt. Vernon, Illinois, was not correct. The process server was not able to find her after visiting the Mt. Vernon address as well as addresses in Dix and Walnut Hill, Illinois. Counsel therefore wished to attempt to serve her again. The State objected, stating it had defendant's previous attorneys, Paige Strawn and Letisha Luecking, present to testify. When the court inquired into whether the hearing could be bifurcated, postplea counsel expressed concern because he believed Pollock would testify specifically to the statements allegedly made by Luecking. The court granted postplea counsel's motion to continue.

¶ 12 The hearing on the motion to withdraw the guilty plea proceeded on May 23, 2019. Defendant testified that on the day of the plea hearing, January 3, 2018, he discussed his case with Luecking at the Jefferson County courthouse. Luecking informed defendant, *inter alia*, that if he accepted the plea, Jackson County would not pursue charges against him. Defendant wanted more time, but counsel said it was "now or never," and the plea was the best option for him. Defendant testified that Luecking also instructed him on how to answer the court's questions, such as answering "yes" to questions of whether he had sufficient time to consider the plea offer and "no" to questions of whether any promises, apart from the plea agreement, were made to him in exchange for pleading guilty. Defendant stated he pled guilty on January 3, 2018, and was indicted in Jackson County on January 11 or 12 of 2018. Defendant also identified a document that

4

Luecking wrote for him on the date of the plea. He stated there was no mention of the Jackson County case in the document because Luecking stated defendant had not been charged with anything in that county and the document included only the cases in which defendant was charged.

¶ 13 Luecking testified that defendant spoke with her on the date of the plea about a potential murder charge in Jackson County. She told defendant that she did not know anything about those charges, it was a different county, and they had no control and could not do anything about the matter in Jackson County. She told him he had not been charged yet but warned him there was a high probability he would be charged, the federal government could possibly charge him, and there was nothing she could do with that case. Luecking testified she also spoke with the State about the Jackson County case, and they told her that defendant might be charged in Jackson County but that was his problem because it was a different county. She reiterated that she told defendant she "absolutely could not do anything with the Jackson County charge." She further stated she did not instruct defendant to say there were no promises beyond the stated plea agreement to obtain his guilty plea.

¶ 14 Postplea counsel called Damon Johnson as a rebuttal witness. Johnson testified that on January 3, 2018, he was sitting next to defendant at the Jefferson County courthouse when defendant and his attorney discussed defendant's case. Johnson stated the attorney told defendant to answer "yes" to all of the judge's questions and assured that she would arrange for any sentence to be "cut down."

¶ 15 The court denied defendant's motion to withdraw his guilty plea, finding defendant entered the plea knowingly, intelligently, and voluntarily. On appeal, this court allowed appellate counsel to withdraw and affirmed the court's denial of defendant's motion to withdraw his plea. *People v. Bootchee*, 2021 IL App (5th) 190237-U. We found that defendant's testimony that plea counsel

5

made a promise beyond the stated plea agreement was contradicted by plea counsel's testimony and the record. *Id.* ¶¶ 37-38.

¶ 16 On June 7, 2022, defendant filed a *pro se* postconviction petition, raising numerous claims. Relevant here, defendant asserted that counsel Luecking was ineffective for making false promises. Defendant stated that Luecking told him that she did not recall many things from January 3, 2018, but did remember pulling a woman into the hallway to discuss defendant's plea deal. Defendant contended he did not attach an affidavit from Luecking because she told him to have his lawyer talk with her when he asked her for one. Defendant also alleged that postplea counsel Hopkins was ineffective, as evidenced by appellate counsel's *Anders* brief on direct appeal. He contended Hopkins told him he could not locate Pollock, but Pollock said no one attempted to contact her and confirmed her address was 206 N. 4th St., Apartment 4, Mt. Vernon, Illinois. Defendant further contended Pollock said, "no one came by, called her phone, or even left a card to notify [her that] someone was looking for her." He stated Pollock would have testified that Luecking took her into the hallway on the day of the plea and told Pollock the deal for 25 years' imprisonment would be the best, the State would not charge him with murder and further tried to persuade Pollock to convince defendant into taking the plea deal. Defendant also asserted that appellate counsel was ineffective for not raising the claims he now raised in his *pro se* postconviction petition.

¶ 17 Defendant attached several documents to his *pro se* petition. With respect to the claim that postplea counsel did not attempt to locate and present Pollock, defendant attached one page of his appellate counsel's brief on direct appeal that stated that postplea counsel did not argue there was an agreement made regarding the possible Jackson County charges after raising it in the amended motion to withdraw guilty plea and the only evidence of such promise was defendant's testimony.

6

¶ 18 On August 22, 2022, the court entered an order denying defendant's *pro se* postconviction petition. It found defendant's petition was frivolous, patently without merit, and raised no significant issue of constitutional dimension. Defendant filed a notice of appeal on September 28, 2022. This court granted him leave to file a late notice of appeal on April 6, 2023.

¶ 19                                    II. ANALYSIS

¶ 20 On appeal, defendant only argues the court erred in denying his postconviction claim that postplea counsel was ineffective for failing to contact and present Pollock at the hearing on his motion to withdraw guilty plea to support his claim that plea counsel promised defendant that he would not be charged in Jackson County in exchange for his guilty plea. The State argues the dismissal of the *pro se* postconviction petition was correct where the issue was waived by defendant's guilty plea, forfeited by failing to raise the issue on direct appeal, not supported as required by the Post-Conviction Hearing Act, was a matter of trial strategy, and did not allege sufficient prejudice.

¶ 21 The Post-Conviction Hearing Act (Act) provides a procedural mechanism through which an imprisoned person may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2022); *People v. Smith*, 2015 IL 116572, ¶ 9. A criminal defendant initiates a proceeding under the Act by filing a petition in the circuit court. 725 ILCS 5/122-1(b) (West 2022). The court must then "independently review the petition, taking the allegations as true, and determine whether 'the petition is frivolous or is patently without merit.' " *People v. Hodges*, 234 Ill. 2d 1, 10 (2009); see also 725 ILCS 5/122-2.1(a)(2) (West 2022). To make this determination, the court determines if the petition states the gist of a constitutional claim. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). If a petition fails to state the gist of a constitutional claim, the petition is deemed frivolous or patently without merit.

7

*People v. Collins*, 202 Ill. 2d 59, 66 (2002). A frivolous petition will be summarily dismissed. *People v. Greer*, 212 Ill. 2d 192, 203-04 (2004). We review the trial court's first-stage dismissal of a postconviction petition *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 22    Defendant's postconviction petition is premised on claims of ineffective assistance of counsel which are considered under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 698 (1984). *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). A postconviction petition alleging ineffective assistance may not be summarily dismissed at the first stage "if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. The failure to establish either prong of *Strickland* precludes a finding of ineffectiveness. *People v. Easley*, 192 Ill. 2d 307, 318 (2000).

¶ 23    We first address the State's argument that defendant's claim was waived. The State asserts any error in plea counsel failing to present Pollock as a witness was waived by defendant's guilty plea. While such would be true, the State misconstrues defendant's ineffective assistance of counsel claim in his *pro se* postconviction petition.

¶ 24    "It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545 (2004). For that reason, a defendant who pleads guilty waives virtually all claims that occurred prior to the plea, except for claims attacking the plea itself as unknowing or involuntary. See *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "A guilty plea is voluntary only if it is entered with the assistance of competent counsel." *People v. Mendez*, 336 Ill. App. 3d 935, 939 (2003). As such, a defendant can challenge his plea as involuntary on the basis that counsel provided ineffective assistance in advising defendant. See *Tollett*, 411 U.S. at 267; *People v. Mendez*, 336 Ill. App. 3d 935, 939 (2003).

8

¶ 25    The present claim is that postplea counsel—not plea counsel—was ineffective for failing to contact Pollock and present her testimony at the motion to withdraw the guilty plea hearing as support for defendant's underlying claim that his plea was involuntary based on plea counsel's incorrect advice that defendant would not be charged in Jackson County. The claim before this court thus regards the actions of postplea counsel which occurred after defendant pled guilty. Accordingly, this claim was not waived by defendant's guilty plea.

¶ 26    We further find defendant's claim was not forfeited by failing to raise the claim on appeal. A postconviction proceeding is not a continuation of the underlying criminal proceeding, it is a collateral attack. *People v. Blair*, 215 Ill. 2d 427, 447 (2005). As such, a trial court may summarily dismiss a postconviction petition based on forfeiture. *Id.* Forfeited claims are those that could have been raised on direct appeal but were not. *People v. Tate*, 2012 IL 112214, ¶ 8. Exceptions to the forfeiture doctrine exist that "may allow otherwise barred claims to proceed." *Blair*, 215 Ill. 2d at 450. The exceptions include "where fundamental fairness so requires; where the alleged forfeiture stems from the incompetence of appellate counsel; or where facts related to the claim do not appear on the face of the original appellate record." *Id.* at 450-51.

¶ 27    The State contends that the facts to support defendant's claim appear on the face of the record, namely, postplea counsel's request for a continuance to locate Pollock as a potential witness and the absence of Pollock as a witness at the hearing on defendant's amended motion to withdraw guilty plea. We disagree.

¶ 28    The facts cited by the State relate to defendant's claim, but the actions of postplea counsel outside of the record are pivotal to defendant's claim. Specifically, defendant alleges something counsel should have done, *i.e.*, actually attempt to find Pollock at her address and present her as a witness. The Illinois Supreme Court has " 'repeatedly noted that a default may not preclude an

9

ineffective-assistance claim for what trial counsel allegedly ought to have done in presenting a defense.' " *Tate*, 2012 IL 112214, ¶ 14 (quoting *People v. West*, 187 Ill. 2d 418, 427 (1999)). In *Tate*, the court found that an ineffective assistance of counsel claim based on the failure to call four witnesses was not forfeited where "[a]s a result of counsel's allegedly deficient representation, the contents of their affidavits could not have been included in the record." *Id.* ¶ 15. The claim here also involves postplea counsel's failure to locate and present a witness. Moreover, defendant met another exception to the forfeiture doctrine by alleging in his petition that that appellate counsel was ineffective for failing to assert Hopkins was ineffective on direct appeal. As such, his claim was not forfeited. Nevertheless, we find the circuit court's dismissal was proper.

¶ 29 A postconviction petition may be dismissed as frivolous or patently without merit only when its allegations—taken as true and liberally construed—fail to state the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). In other words, the petition may be dismissed if it "has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 11-12. This is akin to an "indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. Although a petitioner is only required to provide a limited amount of detail in the petition, the petitioner is not excused from providing factual details surrounding the alleged constitutional deprivation. *People v. Delton*, 227 Ill. 2d 247, 254 (2008).

¶ 30 On appeal, defendant claims postplea counsel arguably provided ineffective assistance of counsel where he failed to locate a material witness who could have testified in support of his claims at the motion to withdraw his guilty plea. In his *pro se* petition, defendant alleged that Pollock stated that no one contacted her. However, the allegation that Pollock was unaware of anyone attempting to contact her does equate to an allegation or support the contention that postplea counsel did not attempt to contact Pollock. We further note that while defendant specified

10

Pollock's address in the petition and postplea counsel noted Pollock's most recent address was in Mt. Vernon at the hearing on the motion to withdraw, there is no allegation that postplea counsel knew of the address specified in defendant's petition at the time he was withdrawing his plea or that such address was easily discoverable. Accordingly, even accepting defendant's allegations as true, defendant failed to sufficiently plead that postplea counsel neglected his duties in attempting to locate a potential witness.

¶ 31 Regardless, assuming *arguendo* that defendant sufficiently pled his ineffective assistance of counsel claim, defendant failed to attach an affidavit from Pollock or any other evidence to corroborate his allegations. The Act requires the allegations in the petition to be supported by "affidavits, records, or other evidence" or it must "state why the same are not attached." 725 ILCS 5/122-2 (West 2022). Often, to support a claim that counsel failed to investigate and present a witness, a defendant must attach an affidavit from the proposed witness. *People v. Enis*, 194 Ill. 2d 361, 380 (2000). Absent such affidavit, further review of such claim is usually unnecessary, as "a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant." *Id.*; see also *People v. Johnson*, 183 Ill. 2d 176, 192 (1998); *People v. Guest*, 166 Ill. 2d 381, 402 (1995); *People v. Thompkins*, 161 Ill. 2d 148, 163 (1994). However, the absence of such affidavit may not be fatal to a postconviction petition if other evidence supports defendant's claims (see *People v. Dupree*, 2018 IL 122307, ¶¶ 42-43), but the failure to attach any supporting documentation or explain its absence justifies the dismissal of the petition at the first stage of the proceedings. See *Delton*, 227 Ill. 2d at 255 ("the failure to either attach the necessary affidavits, records, or other evidence or explain their absence is fatal to a postconviction petition and by itself justifies the petition's summary dismissal").

11

¶ 32    Defendant argues this court should excuse his failure to attach supporting documentation because we need not determine whether Pollock's testimony would have been favorable to defendant where the record shows that postplea counsel believed Pollock's testimony was material to the motion to withdraw the guilty plea. We disagree.

¶ 33    While postplea counsel requested a continuance to find Pollock based upon *his belief* that her testimony would be material, postplea counsel could not make that specific determination until he actually located and discussed the matter with Pollock. Much like defendant's postconviction petition, postplea counsel's comment as to the possible materiality of Pollock's testimony rested solely upon defendant's self-serving speculation regarding Pollock's testimony. In short, postplea counsel's unsubstantiated belief of the materiality of Pollock's testimony does not support defendant's allegation that Pollock would have testified that Luecking told her that the State would not charge defendant in Jackson County as a part of the plea deal. Defendant was therefore required to present an affidavit or other supporting documentation. Because he failed to do so, he did not comply with the requirements of the Act (725 ILCS 5/122-2 (West 2022)) and the court properly dismissed his *pro se* petition.

¶ 34                                    III. CONCLUSION

¶ 35    Where defendant failed to attach the required supporting documentation, the circuit court did not err in summarily dismissing his *pro se* petition.


¶ 36    Affirmed.